■ JOHN R. OBERCON, II, Respondent, v ROBERT J. GLEBATIS et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 21, 1981 in Schenectady County, upon a verdict rendered at Trial Term (Walsh, Jr., J.). In this action plaintiff seeks damages for injuries he allegedly sustained when the automobile he was operating was struck in the rear by a vehicle owned by defendant Kathleen Glebatis and operated by defendant Robert Glebatis. Since defendant Robert Glebatis was never served in the action and did not appear, the judgment was rendered only against defendant Kathleen Glebatis. Therefore, reference herein to defendant will refer to Kathleen Glebatis. Concededly, at the start of the trial, defendant admitted responsibility for the occurrence of the accident. The parties disagree, however, as to whether defendant conceded liability for plaintiff's injuries. Following the trial, the jury returned a verdict in favor of plaintiff in the sum of $18,000. This appeal ensued and defendant basically raises two issues urging reversal. Defendant contends that plaintiff failed to meet the threshold burden of establishing that he suffered a serious injury as defined by subdivision 4 of section 671 of the Insurance Law. Defendant also contends that the court abused its discretion in denying defendant's motion to exclude proof that Robert Glebatis was intoxicated at the time the vehicle he was operating struck plaintiff's vehicle. Concerning the latter issue, we believe it was an abuse of discretion to receive proof of the driver's intoxication. A fair reading of the record clearly demonstrates that defendant admitted liability for the accident and merely reserved the right to offer proof on the failure of plaintiff to use a seat belt. Such proof pertained to the mitigation of the injuries and its impact on the threshold issue of whether plaintiff sustained a serious injury as defined by subdivision 4 of section 671 of the Insurance Law. The fact that the driver was intoxicated was immaterial, under the present circumstances, as to the seriousness of the injuries and was relevant only as to the issue of liability for the accident. Consequently, in our view, it was highly prejudicial to receive such proof and reversal is required. In view of this conclusion, defendant's remaining contention need not now be considered. The judgment should be reversed and a new trial ordered. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.