OPINION OF THE COURT
L. Paul Kehoe, J.
Defendants have moved for an order to set aside the jury’s verdict, which awarded plaintiffs a total of $500,000, on the grounds that the admission of evidence that the defendant driver went through a stop sign before the collision was error in light of defendants’ admission of liability. Defendants also assert that the verdict is contrary to the weight of the evidence and that the verdict awards excessive damages to plaintiffs.
Plaintiff Rocco Fiala, Jr. was injured when the vehicle which he was operating was struck by a bus owned by defendant National School Bus Service, Inc., and being operated by defendant Michael Vines. There was a stop sign which required the defendants’ vehicle to stop before entering the intersection in which the accident occurred. Defendant Vines failed to stop the bus for the stop sign and the collision with the vehicle of plaintiff Rocco Fiala, Jr. ensued.
Immediately before commencement of jury selection defendants’ attorney advised the court and plaintiffs’ attorney that defendants would be admitting liability. Based upon that admission defendants’ attorney moved that plaintiffs’ counsel be prohibited during jury selection from mentioning that defendants’ vehicle passed though a stop sign prior to the collision. That request was denied and plaintiffs’ attorney was allowed to mention defendants’ failure to stop for the stop sign during jury selection. In addition, over defendants’ objec *400 tian, plaintiff Rocco Fiala, Jr. was allowed to testify during the trial that defendants’ vehicle had failed to stop for a stop sign immediately before the collision.
Although defendants admitted liability they strenuously asserted during the trial that plaintiffs injuries were minor and that the collision between the vehicles involved a relatively minor impact. In order to properly evaluate the conflicting claims as to the severity of the injuries, it was necessary for the jury to understand the circumstances of the collision and be able to evaluate the severity of the impact. Plaintiff testified that as he proceeded through the intersection he was struck by the defendants’ vehicle suddenly and with force sufficient to spin his vehicle around and push it to the corner of the intersection. Defendant Vines did not appear at trial and no testimony by him was received as to the happening of the accident, his condition at the time, or his reasons for passing the stop sign.
Defendants rely upon Obercon v Glebatis (89 AD2d 762 [3d Dept 1982]) as authority for their position that would exclude proof that defendants’ vehicle passed a stop sign before striking plaintiffs vehicle. In Obercon, plaintiffs vehicle was struck in the rear by a vehicle owned by defendant and plaintiff admitted liability for the accident. The Court held that it was error to receive evidence that the driver of defendant’s vehicle was intoxicated at the time of the collision. The Court stated "The fact that the driver was intoxicated was immaterial, under the present circumstances, as to the seriousness of the injuries and was relevant only as to the issue of liability for the accident.”
Even in the face of an admission of liability, proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages. (Rodriguez v Zampella, 42 AD2d 805 [3d Dept 1973].) In the instant case the fact that defendants’ vehicle suddenly and without warning passed through a stop sign, entered the intersection, and forcibly struck plaintiffs vehicle constituted a sequence of events that relate directly to the force of the impact and the resulting injuries suffered by plaintiff Rocco Fiala, Jr. Defendants should not be allowed by means of an admission of liability to prevent plaintiffs from producing evidence bearing directly on the nature and force of the impact simply because that evidence involves a possible violation of the Vehicle and *401 Traffic Law or other laws. The impact arising from a vehicle entering an intersection without stopping would likely be more violent and involve a greater impact and resulting injuries than one involving a vehicle which had stopped before entering the intersection. Here, while plaintiff Rocco Fiala, Jr. was allowed to testify that defendants’ bus passed a stop sign before striking him, such evidence was received only to show the sudden, violent and unexpected nature of the collision and to counter defendants’ assertion that the collision was minor in nature and could not have caused the injuries complained of by plaintiff. No charge was given as to the legal implications of passing a stop sign under the circumstances and no request for a charge on this issue was received.
The intoxication of defendant driver in Obercon (supra) was irrelevant to the severity of the impact and the resulting injuries suffered by plaintiff. Introduction of evidence of intoxication served no purpose other than to stigmatize the defendant and inflame the passions of the jury. The actions of the defendant in Obercon also most likely violated section 1129 (a) of the Vehicle and Traffic Law, "Following too closely”. Yet proof of the facts that would constitute a violation of that section were clearly admissible on the issue of damages. Here, no evidence was received as to any situation or condition of defendant Vines that might explain why he passed the stop sign. Any such evidence would not be probative or admissible on the issue of damages. However, the fact that the accident resulted from defendant’s sudden and unexpected passing of a stop sign relates directly to the nature and force of the collision and to the injuries suffered by plaintiff. A stop sign violation, as opposed to driving while intoxicated, is not likely to incite a jury to exact a punitive damage award. The probative value of this evidence in determining damages outweighs any minimal negative effects that it might have on the jury’s determination. The fact that defendants’ vehicle in the instant case passed a stop sign before the collision bears closer analogy to apparent Vehicle and Traffic Law § 1129 (a) violation in Obercon than to that defendant’s driving while intoxicated. Consequently, defendants’ motion based upon the admission of evidence as to the stop sign at the accident scene is denied.
Defendants also contend that plaintiff failed to meet the threshold burden established by section 5102 (d) of the Insurance Law. The nature and extent of plaintiff’s injuries constituted the main focus of the trial and the evidence introduced *402 on plaintiffs behalf was sufficient to sustain the jury finding that plaintiff sustained a "serious injury” based upon the law as contained in the court’s charge. Consequently, the motion addressed to the threshold injury issue must be denied.
Defendants’ motion to set aside the verdict as excessive must also be denied. Both plaintiffs testified at length as to the disabling effects of the injuries suffered by plaintiff Rocco Fiala, Jr., and that testimony was supported by the testimony of plaintiffs’ medical witnesses Dr. Bakos and Dr. Miller. Although defendants’ medical expert, Dr. Gootnick, took issue with some of the conclusions of Dr. Bakos and Dr. Miller it is clear that the jury accepted the testimony of the plaintiffs and their doctors. The jury’s award of damages to plaintiffs does not deviate materially from what would be reasonable compensation for the injuries and disability suffered by plaintiffs according to that testimony (see, CPLR 5501 [c]).