Christopher McHUGH and Addie McHugh, Plaintiff,

v.

Marise JACOBS, Defendant.

No. 4:05–cv–107.

United States District Court, D. North Dakota, Northwestern Division.

Oct. 5, 2006.

Mark Vincent Larson, Larson Law Firm, P.C., Minot, ND, for Plaintiff.

Bradley J. Beehler, Morley Law Firm, Grand Forks, ND, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR EXEMPLARY DAMAGES

HOVLAND, Chief Judge.

Before the Court is the Plaintiff's Motion to Add Exemplary Damages filed on August 16, 2006. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

This dispute stems from a motor-vehicle accident in which the defendant, Marise Jacobs (Jacobs), collided with the plaintiffs, Christopher McHugh and Addie McHugh (the McHughs). On October 14, 2005, the McHughs filed a lawsuit claiming economic and non-economic damages allegedly sustained in the collision. *See* Docket No. 1. The McHughs now seek leave to amend their complaint to add a claim for punitive damages.

The accident occurred north of Minot, North Dakota, near Ruthville, North Dakota, on U.S. Highway 83. The McHughs were traveling northbound on U.S. Highway 83, and Jacobs was traveling eastbound in an effort to cross the highway. Jacobs had crossed the southbound lanes and was struck by the McHughs as she entered the northbound lane. Jacobs did not see the McHughs' car before she entered the intersection. Jacobs has admit-

ted liability for the purpose of this action, but not the nature and extent of injuries and damages. *See* Docket No. 24.

Prior to the accident, Jacobs and her companion, Charles Larson, had been at her son's cabin at Metigoshe Park. *See* Deposition of Jacobs, p. 20. While at the cabin Jacobs had a couple of beers. After traveling for an hour and a half to Ruthville, Jacobs and Larson opened their last two beers. *See* Deposition of Jacob, p. 20, 22. Jacobs asserts that she only drank about half of her last beer because it was warm. Larson estimates that approximately four hours had elapsed between the time he and Jacobs had their first beers at the cabin and the last beers in Ruthville. *See* Deposition of Larson, p. 13. After the accident, Jacobs took a breathalyzer test that showed her blood alcohol level at 0.07. *See* Docket No. 23.

At the time of the accident, Jacobs was being treated for depression with a medication called effexor. *See* Deposition of Jacobs, p. 42. Jacobs acknowledges that, prior to the date of the accident, she had read the label on the effexor prescription that warned that the medication should not be taken with alcohol. *See* Deposition of Jacobs, p. 45. However, Jacobs asserts that she had been taking the medication for a very short time and tended to forget that she was taking it. *See* Deposition of Jacob, p. 44–45. In addition to having read the warning label, Jacobs acknowledges that her employer had presented training that alcohol was not to be brought onto the railroad property, whether in a car or in a person's system. However, Jacobs asserts that the training did not discuss the effects of mixing alcohol with other medications.

## II. *LEGAL DISCUSSION*

■ Section 32–03.2–11(1) of the North Dakota Century Code provides, as follows:

In any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice, the court or jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant. Upon commencement of the action, the complaint may not seek exemplary damages. After filing the suit, a party may make a motion to amend the pleadings to claim exemplary damages. The motion must allege an applicable legal basis for awarding exemplary damages and must be accompanied by one or more affidavits or deposition testimony showing the factual basis for the claim. The party opposing the motion may respond with affidavit or deposition testimony. If the court finds, after considering all submitted evidence, that there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud, or actual malice, the court shall grant the moving party permission to amend the pleadings to claim exemplary damages. For purposes of tolling the statute of limitations, pleadings amended under this section relate back to the time the action was commenced.

N.D.C.C. § 32–03.2–11(1). This statute provides a substantive right and, therefore, applies to this federal court action. *See Lowell v. Zurich Ins. Co.,* Civ No. A3–91–72, 1992 WL 212233 at *2 (D.N.D. Aug. 20, 1992) (applying North Dakota's punitive damage statute in a case where jurisdiction was predicated upon diversity of citizenship); *see also Myers v. Richland County,* 288 F.Supp.2d 1013, 1021 (D.N.D. 2003) ("Exemplary damages statutes provide a substantive right and therefore state law applies.").

Section 32–03.2–11(9) of the North Dakota Century Code allows for the automatic consideration of punitive damages in a civil action involving a motor vehicle acci-

dent resulting in bodily injury if several conditions are met. Section 32–03.2–11(9) provides as follows:

In a civil action involving a motor vehicle accident resulting in bodily injury, it is sufficient for the trier of fact to consider an award of exemplary damages against the driver under the motion procedures provided in subsection 1 if clear and convincing evidence indicates that the accident was caused by a driver who, within the five years immediately preceding the accident has been convicted for violation of section 39–08–01 and who was operating or in physical control of a motor vehicle:

a. With an alcohol concentration of at least ten one-hundredths of one percent by weight;[1]

b. Under the influence of a controlled substance unless a drug that predominantly caused impairment was used only as directed or cautioned by a practitioner who legally prescribed or dispensed the drug to the driver;

c. Under the influence of alcohol and refused to take a test required under chapter 39–20; or

d. Under the influence of a volatile chemical as listed in section 19–03.1–22.1.

N.D.C.C. § 32–03.2–11(9). The McHughs acknowledge that these conditions are not satisfied in this case. As a result, the Court need not address them. *See* Docket No. 19.

 Instead, the McHughs assert that there is the requisite evidence of oppression, fraud, or actual malice. For the purposes of punitive damages, the term "oppression" means "subjecting a person

to cruel and unjust hardship in conscious disregard of that person's rights." *See* North Dakota Pattern Jury Instructions C–72.10; *see also Ingalls v. Paul Revere Life Ins. Group*, 561 N.W.2d 273, 284–85 (N.D.1997); *Harwood State Bank v. Charon*, 466 N.W.2d 601 (N.D.1991); *Napoleon Livestock Auction, Inc. v. Rohrich*, 406 N.W.2d 346, 359 (N.D.1987). "Actual malice" is defined as "an intent with ill will or wrongful motive to harass, annoy, or injure another person." *See* North Dakota Pattern Jury Instructions C–72.16; *see also Ingalls v. Paul Revere Life Ins. Group*, 561 N.W.2d 273 (N.D.1997); *McLean v. Kirby Co.*, 490 N.W.2d 229 (N.D.1992); *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747 (N.D.1989).

Actual malice is the actual state or condition of the mind of the person who did the act. Direct evidence of actual malice is not required. Rather, the character of the act itself, with its surrounding facts and circumstances, may be inquired into for the purpose of ascertaining the motive or purpose which influenced the mind of the party in committing the act. Thus, upon the consideration of these, if that motive is found to be improper and unjustifiable, the law authorizes the jury to find it was malicious.

*Id.* As a basis for awarding punitive damages, "fraud" is (1) the suggestion as fact of that which is not true by one who does not believe it to be true; (2) the assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact by one who is bound to disclose it, or who gives information that is likely to mis-

---

**1.** Section 39–08–01of the North Dakota Century Code currently states that a person is driving under the influence of an intoxicating liquor if his or her alcohol concentration is at least eight one-hundredths of one percent by weight. This reflects a revision in the year 2003 lowering the legal limit for alcohol concentration from ten one-hundredths of one percent. Interestingly, no such reduction has been incorporated into Section 32–03.2–11(9)(a).

lead because that fact was not communicated; or (4) a promise made without any intention of performing. *See* North Dakota Pattern Jury Instructions C–72.16; *see also Dvorak v. American Family Mut. Ins. Co.,* 508 N.W.2d 329 (N.D.1993); *Dewey v. Lutz,* 462 N.W.2d 435 (N.D.1990); *Olson v. Fraase,* 421 N.W.2d 820 (N.D. 1988).

At this stage of the proceedings, the Court must determine whether the McHughs have demonstrated that there is a factual basis for a claim of punitive damages and whether there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence establishes oppression, fraud, or actual malice on the part of Jacobs. In support of their request for punitive damages, the McHughs have alleged the Jacobs was aware of the warning not to consume alcohol while taking effexor, and that Jacobs knew the social implications of using alcohol and drugs. To further support a finding that Jacobs acted with oppression, fraud or actual malice, the McHughs list an array of alleged acts and misdeeds by Jacobs that have occurred *after* the automobile accident at issue. However, Jacobs post-accident misdeeds lack relevance for purposes of this motion and also fail to support a factual finding of oppression, fraud, or actual malice.

The record reflects that at the time of the collision, Jacobs was attempting to cross U.S. Highway 83 and was not aware of the McHughs nor did she see the McHughs' car as she crossed the intersection. Even if Jacobs knew that her antidepressant medication should not be taken with alcohol, those facts taken alone do not support a finding of fraud, oppression, actual malice, or a conscious disregard of the McHughs' rights. The Court finds that the pre-accident and post-accident evidence is devoid of any indication that Jacobs acted intentionally and with ill-will or wrongful motive to injure the McHughs or any other person. The record is also devoid of any assertion or suppression of fact, or of a promise made by Jacobs in relation to the accident on October 14, 2005.

Having thoroughly reviewed the evidence submitted by the parties, the Court finds that there is not sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence establishes oppression, fraud, or actual malice so as to support an award of punitive or exemplary damages.

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Add Exemplary Damages is **DENIED.** (Docket No. 18).

**IT IS SO ORDERED.**