2017 ND 69

**Dennis James GAEDE, Plaintiff and Appellant**

**v.**

**Leann Katherine BERTSCH, Director of the North Dakota Department of Corrections and Rehabilitations, Defendant and Appellee**

No. 20160073

Supreme Court of North Dakota.

Filed 3/30/2017

Dennis J. Gaede, self-represented, 2521 Circle Drive, Jamestown, N.D. 58401, plaintiff and appellant; on brief.

Matthew A. Sagsveen, Office of the Attorney General, 500 North Ninth Street, Bismarck, N.D. 58501–4509, for defendant and appellee; on brief.

Kapsner, Justice.

[¶ 1] Dennis Gaede appeals from a judgment dismissing his amended complaint against Leann Bertsch, Director of the Department of Corrections and Rehabilitation, and from an order denying his motion for relief from the judgment. We affirm.

I

[¶ 2] In 2006, Gaede was convicted of murder and sentenced to life imprisonment without the possibility of parole. This Court affirmed his conviction and affirmed denials of his applications for post-conviction relief. See Gaede v. State, 2015 ND 160, 870 N.W.2d 26; Gaede v. State, 2013 ND 41, 832 N.W.2d 334; Gaede v. State, 2011 ND 162, 801 N.W.2d 707; State v. Gaede, 2007 ND 125, 736 N.W.2d 418. He is serving his sentence in the North Dakota State Penitentiary.

[¶ 3] In November 2015, Gaede sued Bertsch, seeking declaratory and injunctive relief. Gaede alleged Bertsch violated N.D.C.C. § 23–06–03 by fraudulently claiming he will be responsible for his funeral and burial expenses upon his death. He claimed Cass County is responsible for his funeral expenses under N.D.C.C. § 23–06–03, but Bertsch automatically places 25 percent of his earned monies into a release aid account and the funds are being held to pay for his future funeral expenses. Gaede requested the court order all money the Department is holding in his release aid account be returned to him and grant a permanent injunction preventing Bertsch from deducting any further amounts for deposit in his release aid account for future funeral expenses. In December 2015, Gaede amended his complaint to sue Bertsch in both her official and personal capacities.

[¶ 4] On December 31, 2015, Bertsch moved to dismiss the amended complaint under N.D.R.Civ.P. 12(b)(6). She argued the amended complaint failed to state a claim upon which relief can be granted because injunctive relief cannot be granted against her in her personal capacity and the Department has authority to deduct and transfer an inmate's earned funds to a release account under N.D.C.C. § 12–48–15.

[¶ 5] On January 22, 2016, Gaede moved to amend the amended complaint. He stated he made an error in the amended complaint and incorrectly identified Bertsch in both her personal and official capacities. On January 26, 2016, Gaede filed a second amended complaint, suing Bertsch in her official capacity. On January 27, 2016, Bertsch responded stating she did not oppose Gaede's motion to amend his complaint if the second amended complaint was his proposed complaint.

[¶ 6] On January 27, 2016, the district court dismissed the amended complaint with prejudice. Judgment was entered.

[¶ 7] On May 16, 2016, Gaede moved for relief from the judgment under N.D.R.Civ.P. 60(b)(1), (2), and (6). Gaede claimed he was entitled to relief from the judgment because he did not provide the court with a copy of his will showing his family will be taking possession of his body upon his death, and therefore the Department cannot charge him for funeral or burial expenses. He also claimed he was denied due process because he was not given an opportunity to argue the Department's policies are unconstitutional and violate the equal protection clause. The dis-

trict court denied Gaede's motion, ruling "[Gaede] has not demonstrated any reason under N.D.R.Civ.P. 60(b) for the Court to grant relief from the Judgment."

## II

[¶ 8] Gaede argues the district court erred in dismissing his complaint because Bertsch violated N.D.C.C. § 23–06–03 by enacting a department policy that conflicts with the statute. He claims N.D.C.C. § 23–06–03 requires the county in which an inmate resided before incarceration to pay for the inmate's funeral and burial expenses if the inmate dies while incarcerated, and that statute does not require the inmate to be responsible for any of the expenses. He contends Bertsch's policy to place a percentage of an inmate's funds in a release account to pay for the inmate's funeral expenses conflicts with that statute and violates state law.

[¶ 9] A district court decision to dismiss a complaint under N.D.R.Civ.P. 12(b)(6) is reviewed de novo on appeal. In re Estate of Nelson, 2015 ND 122, ¶ 5, 863 N.W.2d 521. "A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(vi) tests the legal sufficiency of the claim presented in the complaint." Nelson, at ¶ 5 (quoting Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161, 2011 ND 185, ¶ 6, 803 N.W.2d 827). On appeal, we construe the complaint in the light most favorable to the plaintiff and accept the well-pleaded allegations as true. Nelson, at ¶ 5. "We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot discern a potential for proof to support it." In re Estate of Dionne, 2013 ND 40, ¶ 11, 827 N.W.2d 555 (quoting Ziegelmann v. DaimlerChrysler Corp., 2002 ND 134, ¶ 5, 649 N.W.2d 556).

[¶ 10] Section 23–06–03, N.D.C.C., provides statutory requirements about duties to bury a deceased individual's body, stating:

1. The duty of burying the body of a deceased individual devolves upon the surviving husband or wife if the deceased was married or, if the deceased was not married but left kindred, upon one or more individuals in the same degree, of adult age, nearest of kin to the deceased and possessed of sufficient means to defray the necessary expenses.

. . . .

3. If the deceased is not survived by an individual described by subsection 1 and did not leave sufficient means to defray funeral expenses, including the cost of a casket, the county social service board of the county in which the deceased had residence for county general assistance purposes or, if residence cannot be established, the county social service board of the county in which the death occurs shall employ some person to arrange for and supervise the burial or cremation. If the deceased was a resident or inmate of a public institution, the county in which the deceased was a resident for county general assistance purposes immediately before entering the institution shall employ a person to arrange for and supervise the burial or cremation. . . . The county social service board shall pay the charge for funeral expenses as negotiated by the board of county commissioners, less any amount left by the deceased to defray the expenses.

[¶ 11] Statutory interpretation is a question of law. In re Estate of Hogen, 2015 ND 125, ¶ 12, 863 N.W.2d 876. The primary objective in interpreting a statute is to determine the legislative intent, and the intent must initially be sought from the

language of the statute. Id. We give words their plain, ordinary, and commonly understood meaning, unless they are specifically defined or a contrary intention plainly appears. N.D.C.C. § 1–02–02. Words and phrases are construed according to the context. N.D.C.C. § 1–02–03. Statutes are construed as a whole and harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. We interpret statutes to give effect to all of their provisions, and no part of the statute is rendered inoperative or superfluous. N.D.C.C. § 1–02–38(2) and (4); Hogen, at ¶ 12.

[¶ 12] Reading N.D.C.C. § 23–06–03 as a whole, the plain language imposes a duty on the deceased individual's surviving spouse or kindred to bury the body, but the county shall employ some person to arrange for and supervise the burial or cremation if the deceased is not survived by a spouse or kindred and did not leave sufficient means to defray the funeral expenses. Those requirements apply to inmates of a public institution as well. The language specifically referring to inmates of public institutions clarifies how the county of residence for an inmate is determined. The plain language of N.D.C.C. § 23–06–03 only requires the county to arrange for and supervise the burial or cremation of a deceased inmate if the inmate does not have a surviving spouse or kindred and did not leave sufficient means to pay for funeral expenses.

[¶ 13] Gaede argues N.D.C.C. § 23–06–03 conflicts with the Department's policy requiring him to have a release aid account and requiring 25 percent of his earnings be kept in the account. The Department's release account policy does not conflict with N.D.C.C. § 23–06–03, and the Department has authority to deposit a portion of an inmate's earnings in a release account. Section 23–06–03, N.D.C.C., only requires a county to pay for an inmate's funeral

expenses if the inmate is not survived by a spouse or kindred and does not leave sufficient funds to pay for the funeral expenses. Section 12–48–15(1), N.D.C.C., requires the penitentiary warden to keep a release account for each inmate, stating:

> The warden of the penitentiary shall keep an account for each inmate. Not more than fifty percent of an inmate's penitentiary earnings, as provided by penitentiary rules, must be withheld from an inmate and deposited in a separate account for the inmate and may not be made available to the inmate until the inmate's release from the penitentiary, except as authorized by the warden. The remainder of an inmate's earnings must be made available to the inmate on a regular basis.

Section 12–48–15, N.D.C.C., authorizes the Department to withhold not more than 50 percent of an inmate's earnings in a release account for each inmate and does not exclude inmates with life sentences. The Inmate Handbook, which was created by the Department and contains penitentiary rules, specifically states 25 percent of all money the inmate earns at the institution will be placed into a release aid account, and the money generally is not available to the inmate until the inmate's discharge day. Under N.D.C.C. § 12–48–15, the Department is authorized to keep a percentage of Gaede's earnings in a release aid account, and that statute does not conflict with the requirement of N.D.C.C. § 23–06–03 for paying funeral expenses if the deceased "leave[s] sufficient means to defray funeral expenses."

[¶ 14] Construing the complaint in the light most favorable to Gaede and accepting his well-pleaded allegations as true, Gaede fails to allege a legally sufficient cause of action. We conclude the district court properly granted Bertsch's motion

and dismissed Gaede's complaint with prejudice.

### III

[¶ 15] Gaede argues the district court erred in dismissing his complaint because his equal protection rights have been violated. Gaede contends inmates with life sentences are being treated differently than the rest of the inmate population and from people who die in poverty.

[¶ 16] Gaede did not allege any constitutional claims in any of his complaints. He raised this issue for the first time in his motion for relief from the judgment. He argued he was entitled to relief from the judgment under N.D.R.Civ.P. 60(b)(6), because he was denied due process by not being provided an opportunity to argue the Department's policies are unconstitutional in light of N.D.C.C. § 23–06–03 and violate the equal protection clause. The district court denied Gaede's motion, stating he did not demonstrate any reason for the court to grant relief under N.D.R.Civ.P. 60(b).

[¶ 17] Under N.D.R.Civ.P. 60(b), the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A district court's decision on a motion for relief from judgment under N.D.R.Civ.P. 60(b)(6) is reviewed under the abuse of discretion standard, and the court's decision will not be reversed unless the court acted in an arbitrary, unreasonable, or unconscionable manner, it misinterpreted or misapplied the law, or its decision is not the product of a rational mental process leading to a reasoned determination. Anderson v. Baker, 2015 ND 269, ¶ 7, 871 N.W.2d 830. For requests for relief under N.D.R.Civ.P. 60(b)(6), "something more extraordinary justifying relief from the operation of the judgment or order must be present, if subsection (6) alone is relied upon." Anderson, at ¶ 10 (quoting Bettger v. Bettger, 280 N.W.2d 915, 919 (N.D. 1979)).

[¶ 18] This Court has said:

The depth and the magnitude of constitutional arguments require an individual making such a challenge to either prepare an adequate and thorough foundation to support the argument, or forego its presentation. The mere reference to a statute's constitutionality, with nothing more, does not meet the standard of persuasion required to mount an attack on constitutional grounds.

State v. Peltier, 2016 ND 75, ¶ 5, 878 N.W.2d 68 (quoting State v. Kautzman, 2007 ND 133, ¶ 27, 738 N.W.2d 1). A party must do more than submit bare assertions, and an argument is without merit if the party does not provide supportive reasoning or citations to relevant authorities. See Hale v. State, 2012 ND 148, ¶ 12, 818 N.W.2d 684.

[¶ 19] Gaede did not allege any constitutional claims about the Department's policies in any of his complaints. He raised his constitutional claims for the first time in his motion for relief from the judgment.

This Court has said a motion for relief from judgment is "not to be used to relieve a party from free, calculated, and deliberate choices." First Nat. Bank of Crosby v. Bjorgen, 389 N.W.2d 789, 796 (N.D. 1986). Furthermore, Gaede merely stated the Department's policy is unconstitutional and violates the equal protection clause without presenting any further argument or support for his claim that the policy is unconstitutional. The district court did not abuse its discretion by denying his motion for relief.

## IV

[¶ 20] Gaede argues the district court erred by failing to rule on his motion to amend his amended complaint. He contends Bertsch agreed the complaint should be amended and the district court should have ruled on his motion.

[¶ 21] A district court's decision on a motion to amend a complaint will not be reversed on appeal unless the court abuses its discretion. Poppe v. Stockert, 2015 ND 252, ¶ 15, 870 N.W.2d 187. Before trial, a party may amend its pleading once either before being served with a responsive pleading or within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. N.D.R.Civ.P. 15(a)(1). Further amendments are allowed "only with the opposing party's written consent or the court's leave." N.D.R.Civ.P. 15(a)(2).

[¶ 22] The amended complaint alleged Bertsch, in both her personal and official capacities, violated N.D.C.C. § 23–06–03. Bertsch moved to dismiss the amended complaint, arguing the requested injunctive relief could not be granted against her in her personal capacity. The proposed second amended complaint sought claims against Bertsch only in her official capacity. In Gaede's motion to amend the amended complaint, he admitted the amended complaint incorrectly identified Bertsch in both her personal and official capacities and requested the opportunity to correct the complaint to show he was suing Bertsch only in her official capacity. Bertsch indicated she did not oppose the motion to amend the complaint. All of the claims and allegations Gaede made in the proposed second amended complaint were included in the amended complaint. In dismissing Gaede's amended complaint, the district court ruled on all of the claims alleged in the proposed second amended complaint. The district court did not abuse its discretion in failing to allow Gaede to amend his amended complaint.

## V

[¶ 23] We affirm the judgment and order denying Gaede's motion for relief from the judgment.

[¶ 24] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.