# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 84

Lee Zander, individually and as Executor
of the Estate of Taylor Goven, deceased;
and Lee Zander on behalf of the heirs and
next of kin of Taylor Goven, deceased;
and Jason Renschler, individually and as
Executor of the Estate of Abby Renschler,
deceased; and Jason Renschler and Sandra
Renschler on behalf of the heirs and next
of kin of Abby Renschler, deceased; and
Shayna Monson,                                          Plaintiffs and Appellees

     v.

Jordan Morsette,                                       Defendant and Appellant

## No. 20200211

Appeal from the District Court of Burleigh County, South Central Judicial
District, the Honorable Daniel J. Borgen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Chad C. Nodland (argued), Bismarck, North Dakota, for plaintiff and appellee
Lee Zander, individually and as Executor of the Estate of Taylor Goven,
deceased, and Lee Zander on behalf of the heirs and next of kin of Taylor
Goven, deceased.

Thomas A. Dickson (appeared), Bismarck, North Dakota, for plaintiffs and
appellees Jason Renschler, individually and as Executor of the Estate of Abby
Renschler, deceased, and Jason Renschler and Sandra Renschler on behalf of
the heirs and next of kin of Abby Renschler, deceased.

1

Jeffrey S. Weikum (argued), Bismarck, North Dakota, for plaintiff and appellee Shayna Monson.

Kay N. Hunt (argued), Minneapolis, Minnesota, and Sean F. Marrin (appeared), Bemidji, Minnesota, for defendant and appellant.

Steven J. Leibel and Tyler J. Siewert, Bismarck, North Dakota, for amicus curiae Mothers Against Drunk Driving in support of plaintiffs and appellees.

**Tufte, Justice.**

[¶1]  Jordan Morsette appeals from an amended judgment ordering him to pay $242 million in compensatory damages and $885 million in punitive damages to Shayna Monson; Lee Zander, individually and on behalf of Taylor Goven, deceased; and Jason Renschler, individually and on behalf of Abby Renschler, deceased (Plaintiffs). Morsette argues the district court erred in admitting evidence of his intoxication, erred in its instructions to the jury, and erred by granting the Plaintiffs' motion to amend their complaint to add a punitive damages claim. Morsette also argues the jury's verdict was excessive. We reverse the amended judgment and remand for a new trial.

I

[¶2]  In June 2015, while driving on the wrong side of the Bismarck Expressway, Morsette's vehicle collided head on with Monson's vehicle. Monson suffered serious bodily injuries, and Goven and Renschler died at the crash scene. Morsette's blood alcohol concentration was 0.295 percent at the time of the collision.

[¶3]  The Plaintiffs sued Morsette for negligence, seeking damages for their injuries. Morsette answered and admitted liability for the accident. The Plaintiffs moved to amend their complaint to add a punitive damages claim, alleging Morsette's conduct was oppressive and malicious. The district court granted the Plaintiffs' motion, finding they "met the threshold of malice necessary to amend the complaint to request punitive damages."

[¶4]  Before trial, Morsette moved to exclude references at trial to his intoxication at the time of the accident. The district court denied Morsette's motion, concluding Morsette's intoxication was relevant to the Plaintiffs' compensatory damages. The court bifurcated the trial for separate proceedings on compensatory and punitive damages. The jury awarded $36 million in compensatory damages, more than $2 million in interest on past damages, and $295 million in punitive damages to each of the Goven and Renschler plaintiffs.

The jury awarded $170 million to Monson in compensatory damages, more than $5.2 million in interest on past damages, and $295 million in punitive damages.

[¶5] Morsette moved for a reduction of damages and a new trial. He argued the district court erred in the compensatory damages phase of trial by admitting evidence of his intoxication, the court erred in its jury instructions, the jury's verdict was excessive, and the Plaintiffs' references to his absence at trial should have been excluded. After a hearing, the court reduced the punitive damages awarded to the Goven and Renschler plaintiffs to $72 million each as required by N.D.C.C. § 32-03.2-11(4). The court denied Morsette's motion for a new trial, concluding his intoxication was relevant at trial regarding the Plaintiffs' damages.

II

[¶6] Morsette argues the district court abused its discretion by denying his motion for a new trial. He asserts the court erred in admitting evidence of his intoxication in the compensatory damages phase of trial and claims his intoxication was not relevant to the Plaintiffs' damages after he admitted liability. Morsette also argues the court erred in its jury instructions and the jury's verdict was excessive.

[¶7] We review a district court's decision on a motion for a new trial under the abuse of discretion standard. *Rentz v. BNSF Ry. Co.*, 2020 ND 254, ¶ 12, 952 N.W.2d 47. A court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

A

[¶8] Morsette claims the district court erred in admitting evidence of his intoxication. He argues his intoxication was not relevant to the Plaintiffs' compensatory damages after he admitted liability.

2

[¶9]   A district court has broad discretion in admitting or excluding evidence at trial. *Flynn v. Hurley Enterprises, Inc.*, 2015 ND 58, ¶ 5, 860 N.W.2d 450. Generally, relevant evidence is admissible, and irrelevant evidence is not admissible. N.D.R.Ev. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." N.D.R.Ev. 401. Under N.D.R.Ev. 403, the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. Even if the court errs at trial, N.D.R.Civ.P. 61 states:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

*See also* N.D.R.Ev. 103(a) (stating "[a] party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party").

[¶10] The Plaintiffs sued Morsette for negligence, claiming he failed to follow the law and rules of driving, failed to properly observe the roadway, failed to maintain proper control of his vehicle, failed to maintain the appropriate lane of travel, and operated a vehicle while heavily intoxicated. The Plaintiffs alleged Morsette's negligence caused their damages. In his answer, Morsette admitted that he was negligent and that his negligence proximately and directly caused the Plaintiffs' damages. Before trial, Morsette admitted liability for the "violent, high speed head-on collision" with Monson's vehicle. At trial, the district court stated to the jury:

> Mr. Morsette has admitted fault in causing the accident, so the only issue for you to decide are whether the accident caused the alleged injury or injuries or losses and, if so, what is the proper amount of compensation, if any, that should be paid for the alleged injury or injuries or losses.

3

[¶11] The Plaintiffs sought damages for their injuries under N.D.C.C. § 32-03.2-04, relating to economic and noneconomic damages for wrongful death or injury to person:

> In any civil action for damages for wrongful death or injury to a person and whether arising out of breach of contract or tort, damages may be awarded by the trier of fact as follows:
>
> 1. Compensation for economic damages, which are damages arising from medical expenses and medical care, rehabilitation services, custodial care, loss of earnings and earning capacity, loss of income or support, burial costs, cost of substitute domestic services, loss of employment or business or employment opportunities and other monetary losses.
> 2. Compensation for noneconomic damages, which are damages arising from pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss or illness, loss of society and companionship, loss of consortium, injury to reputation, humiliation, and other nonpecuniary damage.

In a wrongful death action, "the jury shall give such damages as it finds proportionate to the injury resulting from the death to the persons entitled to the recovery." N.D.C.C. § 32-21-02.

[¶12] The Plaintiffs claim the method by which they were injured, or by which their child died, was relevant to the nature and extent of noneconomic damages they suffered. The Plaintiffs assert Morsette's intoxication directly impacted their noneconomic damages because they suffered unique pain and mental anguish stemming from the fact that Morsette was intoxicated while driving.

[¶13] This Court has not addressed whether a defendant's intoxication is relevant to a plaintiff's damages when the defendant admits liability. Other courts have held evidence of intoxication is irrelevant and prejudicial when a defendant admits liability for an accident. *GEICO Gen. Ins. Co. v. Dixon*, 209 So. 3d 77, 81 (Fla. Dist. Ct. App. 2017) ("In an automobile negligence case, when the defendant admits liability regarding the cause of the accident, evidence of the defendant's sobriety is irrelevant and prejudicial."); *Swanson*

4

*v. Robles*, 128 So. 3d 915, 917 (Fla. Dist. Ct. App. 2013); *Parker v. Artery*, 889 P.2d 520, 524 (Wyo. 1995); *Puent v. Dickens*, 427 S.E.2d 340, 343 (Va. 1993) (stating evidence of a defendant's intoxication is not relevant to the determination of compensatory damages and should not be admitted when that is the only issue before the jury); *Anderson v. Amundson*, 354 N.W.2d 895, 899 (Minn. Ct. App. 1984) (stating intoxication is irrelevant on the question of compensatory damages when liability has been admitted); *Gelinas v. Mackey*, 465 A.2d 498, 500 (N.H. 1983); *Obercon v. Glebatis*, 454 N.Y.S.2d 46, 47 (N.Y. App. Div. 1982); *Eubank v. Spencer*, 203 Va. 923, 927, 128 S.E.2d 299, 302 (Va. 1962).

[¶14] Arizona and Illinois have wrongful death statutes similar to N.D.C.C. § 32-21-02, specifically the language stating that the jury shall award damages for injuries "resulting from the death." *See* Ariz. Rev. Stat. Ann. § 12-613; 740 Ill. Comp. Stat. Ann. 180/2. In *Girouard v. Skyline Steel, Inc.*, 158 P.3d 255, 260-61 (Ariz. Ct. App. 2007), the court held that under A.R.S. § 12-613, "compensation in a wrongful death action is limited to 'injury resulting from *the death*.'" "[A] survivor may not recover for mental anguish resulting from the negligent acts of the defendant prior to the decedent's death, and such evidence is not relevant to the issue of damages." *Girouard*, at 261 (citing *Mullen v. Posada Del Sol Health Care Center*, 819 P.2d 985, 986 (Ariz. Ct. App. 1991)).

[¶15] In *Hammond v. Sys. Transp., Inc.*, 942 F. Supp. 2d 867, 870 (C.D. Ill. 2013), a negligent truck driver collided with another vehicle, killing two individuals. Similar to Morsette, the driver admitted liability but disputed the extent of damages. *Id.* In construing Illinois' wrongful death act, the court rejected the plaintiffs' argument that evidence of the accident's circumstances, including the defendant's negligence, was relevant:

> [T]he fact that the [plaintiffs] died suddenly in a serious vehicle accident may make it more probable that their next of kin experienced compensable grief and sorrow from the death. Thus, evidence concerning the circumstances and manner of the decedents' deaths is relevant to the issue of damages, and will not be excluded under [Fed.R.Evid.] 402. This is not to say that all

evidence Plaintiff wishes to bring relating to the manner of death will be admissible. Rather, the Court simply concludes that it cannot exclude all evidence of the manner of death or the events surrounding the accident under Rule 402. The admissibility of particular pieces of evidence will be resolved as it arises. For example, under [Fed.R.Evid.] 403, the Court may exclude evidence of the circumstances of the decedents' deaths that is more prejudicial than probative.

However, evidence of Defendant Austin's negligence, such as the allegation that he violated rules limiting the hours he could work before resting, which resulted in him falling asleep and running a stop sign, is not relevant to Plaintiff's claim. As indicated in the above statutory analysis, the grief, sorrow, and mental suffering is compensable only if it arises from the death, not from the negligence that preceded the death. Plaintiff's argument that the children of the decedents experience increased grief because they think about the possibility that if only Defendant had abided by the applicable laws and rules, their parents would not have died, . . . only confirms the understanding that such emotional responses do not arise from the death and are thus not compensable. Therefore, any evidence of Defendant's negligent acts or omissions leading up to the accident are irrelevant and will be excluded at trial.

*Hammond*, at 876.

[¶16] Here, the Plaintiffs claim that Morsette's negligence, specifically his intoxication, was relevant to their damages. Lee and Cindy Zander testified Morsette's intoxication caused their attitudes and social behaviors toward alcohol to change. They stated they no longer drink socially and have a difficult time socializing with others if alcohol is involved. Cindy Zander testified she is angry at Morsette because he never said he was sorry. Neither Monson nor the Renschler plaintiffs testified they suffered damages as a result of Morsette's intoxication.

[¶17] Under N.D.C.C. § 32-21-02, damages are allowed for "injur[ies] resulting from the death." Thus, the Zander and Renschler Plaintiffs may recover damages for the pain, suffering, mental anguish, and emotional distress

6

resulting from the deaths of Taylor Goven and Abby Renschler. But any damages resulting from Morsette's negligence preceding the deaths, including his intoxication, are not compensable under N.D.C.C. §§ 32-21-02 or 32-03.2-04. As a result, evidence of Morsette's intoxication is not relevant under N.D.R.Ev. 402. Because the Zander and Renschler Plaintiffs are precluded from recovering damages resulting from Morsette's intoxication, we conclude the district court abused its discretion in admitting evidence of Morsette's intoxication.

B

[¶18] Morsette contends the district court erred in failing to give a requested instruction to the jury. He argues this error, plus the court's admission of evidence of his intoxication, resulted in an excessive jury verdict.

[¶19] Jury instructions should fairly inform the jury of the applicable law and must not mislead or confuse the jury. *Rittenour v. Gibson*, 2003 ND 14, ¶ 15, 656 N.W.2d 691. Under N.D.R.Civ.P. 51(c)(1), "[a] party who objects to a proposed instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." If a party fails to object, this Court "may consider a plain error in the instructions affecting substantial rights." N.D.R.Civ.P. 51(d)(2); *see also Travelers Cas. Ins. Co. of Am. v. Williams Co. Constr., Inc.*, 2014 ND 160, ¶ 12, 851 N.W.2d 164.

[¶20] A new trial, or a reduction of damages, may be granted if "excessive damages appear[] to have been awarded under the influence of passion or prejudice." N.D.R.Civ.P. 59(b)(5); *Blessum v. Shelver*, 1997 ND 152, ¶ 37, 567 N.W.2d 844. Passion is motivation by emotions, and prejudice means formation of an opinion without due knowledge. *Wanner v. Getter Trucking, Inc.*, 466 N.W.2d 833, 837 (N.D. 1991). "It is presumed that a damage verdict is proper, and this presumption is overcome only when the jury's verdict is so excessive that it shocks the conscience of the court." *Blessum*, at ¶ 37.

[¶21] The district court failed to give North Dakota Pattern Jury Instruction C-70.65, which precludes the jury from awarding damages to punish the

defendant in the compensatory damages phase of trial. The instruction states: "You may not include in any award of damages to the Plaintiff any exemplary damages that you might add to punish the Defendant or to make an example of the Defendant for the public good or to prevent other wrongdoing. Those damages would be punitive rather than compensatory."

[¶22] Morsette included the instruction in his requested jury instructions submitted the day before trial. However, when given the opportunity, he did not object to the district court's final instructions which omitted his requested instruction. The district court stated its omission of Morsette's requested instruction was unintentional.

[¶23] In their closing arguments in the compensatory damages phase of trial, the Plaintiffs stated that Morsette chose not to attend trial and has not apologized or shown remorse for his actions. The Plaintiffs stated:

> It's about time [Morsette] stood up and acted like a man and not a coward that he was on June 27th of 2015, and the coward he is today. . . . He won't listen to the Judge, he won't listen to the lawyers, he won't listen to the cops, let's see if he listens to you.

[¶24] Without Morsette's requested jury instruction, the jury could have inferred that Morsette should be punished on the basis of the Plaintiffs' closing arguments. Monson requested a minimum of $65 million in compensatory damages, and the Goven and Renschler plaintiffs each requested $18 million. The jury awarded $36 million each to the Goven and Renschler plaintiffs, and $170 million to Monson. In denying Morsette's motion for a new trial, the district court stated, "Had the jury already award[ed] such exemplary damages improperly in the compensatory phase, they would not have awarded punitive damages [in the punitive damages phase of trial]." We disagree.

[¶25] "Damages in all cases must be reasonable." N.D.C.C. § 32-03-37. The purpose of compensatory damages is to compensate a plaintiff for his or her injuries, not to punish the defendant for his or her wrongdoing. Despite the inherently emotional nature of the claim for mental anguish damages, on this

8

record we can only conclude the jury was motivated by emotion and enhanced its compensatory damages verdict to punish Morsette.

[¶26] After reviewing the entire record, we cannot conclude the district court's errors were harmless. The admission of the irrelevant evidence of Morsette's intoxication and the failure to instruct the jury they could not award punitive damages in the compensatory damages phase of trial were prejudicial errors that affected Morsette's substantial rights. We reverse and remand for a new trial on compensatory damages.

## III

[¶27] Morsette asserts the district court erred in allowing the Plaintiffs to amend their complaint adding a claim for punitive damages. Morsette argues there was insufficient evidence supporting a punitive damages claim.

[¶28] "A district court's decision on a motion to amend a complaint will not be reversed on appeal unless the court abuses its discretion." *Gaede v. Bertsch*, 2017 ND 69, ¶ 21, 891 N.W.2d 760.

[¶29] The Plaintiffs moved to add a punitive damages claim against Morsette under N.D.C.C. § 32-03.2-11(1):[1]

> In any action for the breach of an obligation not arising from contract, when the defendant has been guilty by clear and convincing evidence of oppression, fraud, or actual malice, the court or jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant. Upon commencement of the action, the complaint may not seek exemplary damages. After filing the suit, a party may make a motion to amend the pleadings to claim exemplary damages. The motion must allege an applicable legal basis for awarding

[1] Under N.D.C.C. § 32-03.2-11(9), punitive damages may be awarded against an intoxicated driver who causes an accident resulting in bodily injury if certain conditions are satisfied. The parties acknowledge subsection 9 does not apply in this case.

9

exemplary damages and must be accompanied by one or more affidavits or deposition testimony showing the factual basis for the claim. The party opposing the motion may respond with affidavit or deposition testimony. If the court finds, after considering all submitted evidence, that there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud, or actual malice, the court shall grant the moving party permission to amend the pleadings to claim exemplary damages.

[¶30] The Plaintiffs alleged Morsette's conduct was malicious and oppressive. They claimed his guilty plea to criminal vehicular homicide established his malicious and oppressive conduct. The Plaintiffs argued Morsette intended to drink himself to a level of intoxication over three times the legal limit and drive on the wrong side of the road. The district court allowed the claim, finding the Plaintiffs "met the threshold of malice necessary to amend the complaint." The court found "if the alleged conduct is proven by the plaintiff, [Morsette] was reckless."

[¶31] "Actual malice is the actual state or condition of the mind of the person who did the act." *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747, 754 (N.D. 1989). "Actual malice is malice in fact, in which there is actually present an improper motive implying the purpose and desire to injure. [A]ctual malice [means] actual spite and ill will toward plaintiff." *Neidhardt v. Siverts*, 103 N.W.2d 97, 102 (N.D. 1960). "Actual malice" is defined as "an intent with ill will or wrongful motive to harass, annoy, or injure another person." *McHugh v. Jacobs*, 450 F. Supp. 2d 1019, 1022 (D.N.D. 2006) (citing North Dakota Pattern Jury Instruction C-72.16).

[¶32] The district court misapplied the law in finding the Plaintiffs met the necessary threshold of malice to add a claim for punitive damages. The court found that "if the alleged conduct is proven by the plaintiff, [Morsette] was reckless." The law requires a finding of more than reckless conduct; it requires sufficient evidence to support a finding that a preponderance of the evidence demonstrates conduct with a state of mind evincing an intent to harm or injure another person. N.D.C.C. § 32-03.2-11(1). The Plaintiffs argued Morsette [acted maliciously because he] intended to drink and drive and as a result he

killed Goven and Renschler and seriously injured Monson. However, "[i]ntentional or willful conduct is not synonymous with oppressive, fraudulent or malicious conduct." *Bismarck Realty Co. v. Folden*, 354 N.W.2d 636, 643 (N.D. 1984). There was no evidence indicating that Morsette acted with ill will or wrongful motive and intended to injure Monson, Goven, Renschler, or any other person. Although Morsette's conduct while intoxicated can be characterized as grossly negligent or extremely reckless, there are no special circumstances, such as an intent to injure or personal ill will toward the Plaintiffs, to support a finding of actual malice.

[¶33] We conclude the court abused its discretion by allowing the Plaintiffs' claim for punitive damages against Morsette.

IV

[¶34] The amended judgment is reversed and remanded for a new trial on the Plaintiffs' compensatory damages.

[¶35] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

11