# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 45

Harty Insurance, Inc.,                                    Plaintiff and Appellee

v.

Nathaniel J. Holmes,                                    Defendant and Appellant

and

Timothy P. Holmes,                                                      Defendant

### No. 20210205

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Per Curiam.

Laura C. Ringsak, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Nathaniel J. Holmes, self-represented, Miami, FL, defendant and appellant; submitted on brief.

# Harty Insurance v. Holmes
## No. 20210205

**Per Curiam.**

[¶1]   Nathaniel Holmes appealed from a district court's judgment entered in favor of Harty Insurance, Inc. ("Harty") after Harty moved for summary judgment. Holmes raises issues on appeal challenging, among other things, the court's jurisdiction and its summary judgment decision. We conclude the court did not err in granting summary judgment after determining there were no genuine issues of material fact when Holmes failed to respond to Harty's request for admissions. We summarily affirm under N.D.R.App.P. 35.1(a)(1) and (6).

[¶2]   Harty asserts that this appeal is frivolous and requests this Court award attorney's fees in the amount of $2,000.00 under N.D.R.App.P. 38. Under N.D.R.App.P. 38 this Court may award attorney's fees if we find that an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *DCI Credit Services, Inc. v. Plemper*, 2021 ND 215, ¶ 17, 966 N.W.2d 904 (quoting *Moody v. Sundley*, 2015 ND 204, ¶ 29, 868 N.W.2d 491). Holmes only appeals from the district court's judgment and not from the order denying his motion to vacate the judgment. The court entered judgment based on facts that he admitted by failing to respond to the request for admissions. In his brief to this Court, Holmes conceded that "[he] drove without insurance and deeply regret[s] that unwise decision. Defendant is most grateful to God that no one got physically injured. So, admitting liability is a no brainer." Holmes' arguments, without any citations to relevant authority, are flagrantly groundless and are without merit. *See Gaede v. Bertsch*, 2017 ND 69, ¶ 18, 891 N.W.2d 760 (citation omitted) ("A party must do more than submit bare assertions, and an argument is without merit if the party does not provide supportive reasoning or citations to relevant authorities."). We award double costs and attorney's fees in the amount of $1,000.00.

[¶3]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte