# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 82

Western Equipment Finance,
a division of Western State Bank,                    Plaintiff and Appellee

v.

Sergei Tumas Productions, Inc.,                              Defendant

and

Seyran Tumasyan,                              Defendant and Appellant

## No. 20240309

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Per Curiam.

Michael L. Gust, Fargo, ND, for plaintiff and appellee; submitted on brief.

Seyran Tumasyan, Los Angeles, CA, defendant and appellant; submitted on brief.

**Per Curiam.**

[¶1]   Seyran Tumasyan appeals from a summary judgment in favor of Western Equipment Finance. Tumasyan argues the judgment was unsubstantiated, excessive, and contrary to the interests of justice, equity, and fairness. We summarily affirm under N.D.R.App.P. 35.1(a)(1) and (6), and award costs and attorney's fees to Western Equipment Finance.

I

[¶2]   Sergei Tumas Productions, Inc., entered into several equipment finance agreements with Western Equipment Finance. Tumasyan personally guaranteed the payment and performance of the agreements. Western Equipment Finance brought an action against Sergei Tumas Productions, Inc., and Tumasyan for breach of contract. Western Equipment Finance moved for default judgment against Sergei Tumas Productions, Inc., which the district court granted. Western Equipment Finance moved for summary judgment against Tumasyan. The district court granted summary judgment in favor of Western Equipment Finance.

[¶3]   We conclude the summary judgment is supported by the record, and the district court appropriately granted summary judgment in favor of Western Equipment Finance. *See Alerus Fin., N.A. v. Erwin*, 2018 ND 119, ¶ 17, 911 N.W.2d 296 (indicating the party opposing summary judgment "must present competent admissible evidence . . . to show the existence of a genuine issue of material fact." (quoting *Citizens State Bank-Midwest v. Symington*, 2010 ND 56, ¶ 18, 780 N.W.2d 676)).

[¶4]   Tumasyan has not provided any relevant facts or legal authority to support his arguments. We conclude Tumasyan's appeal is frivolous and without merit. *See Buchholz v. Buchholz*, 2022 ND 203, ¶ 43, 982 N.W.2d 275 ("An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." (quoting *Harty Ins., Inc. v. Holmes*, 2022 ND 45, ¶ 2, 971 N.W.2d 400)); *State v. Noack*, 2007 ND 82,

1

¶ 8, 732 N.W.2d 389 (explaining we will not consider arguments that are not adequately articulated, supported, and briefed).

## II

[¶5] Western Equipment Finance moved for costs and attorney's fees under N.D.R.App.P. 38, which provides, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." *See Matter of Est. of Nelson*, 2018 ND 118, ¶ 13, 910 N.W.2d 856 ("Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney['s] fees is proper." (quoting *United Bank of Bismarck v. Young*, 401 N.W.2d 517, 518 (N.D. 1987))). Western Equipment Finance submitted a declaration and supporting exhibit indicating it incurred $2,682.50 in legal fees in responding to this appeal. Having concluded this appeal is frivolous, and that Western Equipment Finance's requested attorney's fees are reasonable, we award Western Equipment Finance attorney's fees in the amount of $2,682.50.

## III

[¶6] We summarily affirm the district court judgment under N.D.R.App.P. 35.1(a)(1) and (6). Western Equipment Finance is awarded attorney's fees in the amount of $2,682.50.

[¶7]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr