# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 170

Megan Emily Williamson,                   Plaintiff and Appellee

v.

Robert Michael Williamson,                 Defendant and Appellant

## No. 20250007

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Per Curiam.

Lawrence P. Kropp, Jamestown, ND, for plaintiff and appellee; on brief.

Robert M. Williamson, self-represented, Bismarck, ND, defendant and appellant; on brief.

**Williamson v. Williamson**
**No. 20250007**

**Per Curiam.**

[¶1]   Robert Michael Williamson appeals from the district court's judgment of divorce, order denying reconsideration, and order awarding attorney's fees. Williamson argues the court erred in granting a divorce rather than an annulment, erred in its division of property and debts, and erred in denying his motion for reconsideration and awarding attorney's fees to Megan Williamson. Megan Williamson requests an award of attorney's fees under N.D.R.App.P. 38. We summarily affirm under N.D.R.App.P. 35.1(a)(1), (2), and (4), and award attorney's fees.

I

[¶2]   In 2024, Megan Williamson sought a divorce based on irreconcilable differences. Following a one-day bench trial, the district court granted her a decree of divorce. Robert Williamson filed a notice of appeal followed by a motion for reconsideration. This Court issued an order of remand for the limited purpose of considering and disposing of the motion to reconsider. The district court denied Robert Williamson's motion for reconsideration and awarded attorney fees to Megan Williamson. Robert Williamson filed a second notice of appeal.

[¶3]   The district court's judgment for a divorce rather than an annulment was not clearly erroneous. *See Johnson v. Johnson*, 104 N.W.2d 8, 12-13 (N.D. 1960) (explaining marriage is presumed valid unless the party challenging it proves one spouse was mentally incapable at the time of marriage and did not freely cohabitate after regaining capacity). The court's decisions regarding the valuation and division of marital property were not clearly erroneous. *See Van Beek v. Van Beek*, 2025 ND 96, ¶ 5, 21 N.W.3d 79 ("This Court reviews a district court's distribution of marital property as a finding of fact under a clearly erroneous standard[.]"). The court did not abuse its discretion by denying Robert Williamson's motion for reconsideration. *See Schmidt v. Hageness*, 2022 ND 179, ¶ 7, 981 N.W.2d 120 ("Denial of a motion to reconsider will not be reversed on

1

appeal unless the district court abused its discretion."). The court did not abuse its discretion in ordering Robert Williamson to pay attorney's fees. *See Sanderson v. Agotness*, 2024 ND 232, ¶ 11, 15 N.W.3d 1 ("This Court reviews an award of attorney's fees under the abuse of discretion standard.").

[¶4] "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. "Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney's fees is proper." *W. Equip. Fin. v. Sergei Tumas Prods., Inc.*, 2025 ND 82, ¶ 5, 20 N.W.3d 103 (cleaned up).

[¶5] Robert Williamson has not provided any relevant facts or legal authority to support his arguments. We conclude his appeal is frivolous and without merit. *See Buchholz v. Buchholz*, 2022 ND 203, ¶ 43, 982 N.W.2d 275 ("An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." (quoting *Harty Ins., Inc. v. Holmes*, 2022 ND 45, ¶ 2, 971 N.W.2d 400)).

II

[¶6] We summarily affirm under N.D.R.App.P. 35(a)(1), (2), and (4). Megan Williamson is awarded attorney's fees in the amount of $1,000.

[¶7]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

2