**Filed 07/30/2020 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 174

Gerard Wald,                                       Plaintiff and Appellee

      v.

Donna Mae Wald,                             Defendant and Appellant

No. 20190159

Appeal from the District Court of McIntosh County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Patti J. Jensen, East Grand Forks, Minnesota, for plaintiff and appellee.

Rodney E. Pagel, Bismarck, North Dakota, for defendant and appellant.

**Tufte, Justice.**

[¶1]   Donna Wald appeals from an amended divorce judgment valuing and distributing Donna Wald's and Gerard Wald's marital property. She also appeals from a postjudgment order denying her motion for contempt or redistribution of property. We affirm, concluding the district court did not clearly err in valuing and distributing the parties' marital property.

I

[¶2]   Donna and Gerard Wald were married in 1975. Gerard Wald sued for divorce in August 2017. Gerard Wald operates a cattle ranch and fencing business, and Donna Wald is no longer employed.

[¶3]   After a three-day bench trial in September 2018, the district court valued the parties' marital estate at approximately $5.83 million. The parties owned 2,044 acres of real property used for the ranch, which accounted for nearly half of the marital estate's total value.

[¶4]   The district court awarded Gerard Wald property valued at $4.24 million and Donna Wald property valued at $1.59 million. Gerard Wald's award of marital property included the real property integral to the cattle ranch, livestock, farm machinery, and the fencing business. Donna Wald was awarded a majority of the parties' financial accounts, hay bales, a rental property, and remainder interests in real property.

[¶5]   After entry of judgment, Donna Wald moved for contempt or in the alternative for redistribution of property, claiming she was unable to retrieve the hay bales awarded to her under the judgment and Gerard Wald refused to turn the bales over to her. The court denied her motion, finding she failed to remove the hay bales as required by the judgment.

## II

[¶6]   Gerard Wald moved to dismiss the appeal, claiming Donna Wald waived her right to appeal because she voluntarily and unconditionally accepted substantial benefits of the judgment. Gerard Wald argues Donna Wald accepted all of the property awarded to her except the hay bales, which she failed to retrieve.

[¶7]   Generally, one waives the right to appeal by voluntarily, unconditionally, and consciously accepting a substantial benefit from a divorce judgment. *Willprecht v. Willprecht*, 2020 ND 77, ¶ 6, 941 N.W.2d 556. A party moving to dismiss the appeal must clearly establish the other party waived the right to appeal. *Id.* This Court has sharply limited the waiver rule in divorce cases:

> The party objecting to the appeal has the burden of showing the benefit accepted by the appealing party is one which the party would not be entitled to without the decree. There must be unusual circumstances, demonstrating prejudice to the movant, or a very clear intent on the part of the appealing party to accept the judgment and waive the right to appeal, to keep this Court from reaching the merits of the appeal.

*Id.* (quoting *Tuhy v. Tuhy*, 2018 ND 53, ¶ 7, 907 N.W.2d 351).

[¶8]   Gerard Wald does not assert that extraordinary circumstances exist here or that he is prejudiced by the appeal. Donna Wald argues she should receive a greater share of the marital estate. Gerard Wald does not assert Donna Wald is entitled to less than she was awarded. Gerard Wald has not demonstrated that Donna Wald clearly waived the right to appeal. We deny his motion to dismiss the appeal.

## III

[¶9]   Donna Wald argues the district court erred in valuing and distributing the marital estate.

A

[¶10] Donna Wald argues the district court clearly erred in its valuation of marital property. She claims the court erroneously accepted Gerard Wald's valuation of the 2,044 acres over the value provided by her real estate appraiser. She also argues the court erred in its valuation of the fencing business's inventory.

[¶11] A district court's valuations of marital property are findings of fact and will not be reversed on appeal unless they are clearly erroneous. *Willprecht*, 2020 ND 77, ¶ 10, 941 N.W.2d 556. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or, after reviewing the entire record, this Court is left with a definite and firm conviction a mistake has been made. *Id.* A court's valuations of marital property are not clearly erroneous if they are within the range of evidence presented. *Eberle v. Eberle*, 2010 ND 107, ¶ 17, 783 N.W.2d 254.

[¶12] Gerard Wald valued the 2,044 acres of real property at $1,400 per acre, for a total of $2,861,160. Donna Wald's appraiser valued the real property at $3,028,000. In accepting Gerard Wald's value of the property, the district court found "Gerard's opinion credible considering his knowledge of the land and its use as well as his general knowledge of the value of property in the area."

[¶13] "An owner of real property may testify as to the value of the land without any further qualification or special knowledge." *Eberle*, 2010 ND 107, ¶ 17, 783 N.W.2d 254. The parties' values of the 2,044 acres differed by approximately 6%, or $166,840. The district court's value of $2,861,160 was within the range of evidence presented. We conclude the court did not clearly err in valuing the parties' real property. We are not left with a definite and firm conviction a mistake was made.

[¶14] The district court valued the inventory of the fencing business at $200,000 on the basis of evidence provided by Gerard Wald. The court found Donna Wald "provided no valuation of the inventory even being given the opportunity to update the information provided on the Rule 8.3 Statement."

3

We conclude the court's valuation of the fencing business's inventory was not clearly erroneous.

B

[¶15] Donna Wald argues the district court erred by not including 10 cows, 10 calves, feeder cows, and a bull in the marital estate.

[¶16] The district court found the parties were separated on August 8, 2017. The court valued the marital property as of that date. *See* N.D.C.C. § 14-05-24(1) (stating that if the parties do not agree on a valuation date, the date of separation may be used as the valuation date). The court found Gerard Wald acquired the 10 cows, 10 calves, feeder cows, and bull after the August 2017 valuation date. The court also found Donna Wald acquired a significant amount of personal property after the separation that was not included in the marital estate. Because the property acquired after the valuation date would have been obtained with income earned after the valuation date or with proceeds from the sale of assets that were valued as of the valuation date, the district court appropriately limited its consideration to one point in time for both parties' property.

[¶17] Both parties acquired property after the valuation date that was not included in the marital estate. We conclude the court did not clearly err by not including the after-acquired property in the marital estate.

C

[¶18] Donna Wald claims the district court clearly erred in its distribution of marital property. She claims the court did not adequately explain the substantial disparity in its distribution of marital property.

[¶19] A district court's property distribution is a finding of fact and will not be set aside unless the court's findings are clearly erroneous. *Willprecht*, 2020 ND 77, ¶ 19, 941 N.W.2d 556. The district court must make an equitable property distribution under N.D.C.C. § 14-05-24(1). The court must include all of the parties' assets and debts in the marital estate and then consider the *Ruff-*

4

*Fischer* guidelines to equitably distribute the property. *Willprecht*, at ¶ 19. The *Ruff-Fischer* guidelines include the following factors:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Id.* at ¶ 19 (quoting *Lee v. Lee*, 2019 ND 142, ¶ 12, 927 N.W.2d 104). A long-term marriage generally supports an equal distribution of the marital estate. *Conzemius v. Conzemius*, 2014 ND 5, ¶ 17, 841 N.W.2d 716. The property distribution does not need to be equal to be equitable, but the court must explain a substantial disparity. *Willprecht*, at ¶ 19.

[¶20]  The district court awarded Donna Wald $1,587,584.44, and Gerard Wald $4,239,534 in marital property. The court awarded Gerard Wald the real property used for the cattle ranch, livestock, farm equipment, and the fencing business. The court awarded Donna Wald a majority of the parties' financial and retirement accounts, the bales resulting from the 2017 and 2018 hay crops, remainder interests in real property, and a rental property in Wishek. The parties did not have any joint debt.

[¶21] The district court addressed each of the *Ruff-Fischer* factors. The court found the factors relating to the parties' ages and conduct during the marriage supported an unequal distribution in favor of Gerard Wald. The court found Donna Wald at age 63 chose to be retired and unemployed. Gerard Wald at age 64 continues to work in a labor intensive occupation. The court found Gerard Wald is less hands on and more of a "coach" to his employees. The court found Donna Wald's alcohol use made her physically and emotionally abusive toward Gerard Wald, which resulted in a protection order. The court found each party will have the ability to provide self-support with the assets awarded to them.

[¶22] After reviewing the district court's findings on the *Ruff-Fisher* factors, we conclude the evidence supports the findings and the findings are not clearly erroneous. The court adequately addressed the substantial disparity in the property distribution, and we are not left with a definite and firm conviction a mistake was made.

D

[¶23] Donna Wald asserts the district court erred in determining a payment of $50,000 to her for purposes of paying attorney's fees and expenses was a property distribution while allowing Gerard Wald to pay more than $35,000 in attorney's fees from the marital estate.

[¶24] Following a hearing on Donna Wald's motion for an interim order, the district court ordered Gerard Wald to pay Donna Wald $50,000 as an advance property distribution to be used "for any purpose." The interim order stated the "payment shall be credited against [her] as an advance upon her share of the final distribution of the marital estate." Although the distribution was to be used for any purpose, she alleged she used it for payment of attorney's fees and expenses. At trial, Gerard Wald submitted an exhibit showing he spent $35,356.15 on attorney's fees and expenses, which were paid from the marital estate.

[¶25] Assuming the district court erred, we conclude the error does not justify reversal in this case involving a marital estate in excess of $5.8 million. *See Halvorson v. Halvorson*, 482 N.W.2d 869, 872 (N.D. 1992) (explaining a relatively insignificant error, standing alone, does not warrant reversal of a judgment).

IV

[¶26] Donna Wald asserts the district court erred in finding Gerard Wald was more credible than Donna Wald.

[¶27] "In a bench trial, the district court determines credibility issues, which we will not second-guess on appeal." *Vig v. Swenson*, 2017 ND 285, ¶ 14, 904 N.W.2d 489. We decline to address Donna Wald's credibility argument.

6

[¶28] Donna Wald argues the district court erred in denying her postjudgment motion for contempt or in the alternative for redistribution of property. She claims that because she did not receive the hay bales awarded to her, the court should have ordered Gerard Wald to pay her $242,216 for the value of the hay bales.

[¶29] Under N.D.C.C. § 14-05-24(3), "[t]he court may redistribute property and debts in a postjudgment proceeding if a party . . . fails to comply with the terms of a court order distributing property and debts." A court has broad equitable powers under N.D.C.C. § 14-05-24(3) to grant relief from a divorce judgment. *Walstad v. Walstad*, 2012 ND 204, ¶ 19, 821 N.W.2d 770. We review a court's decision whether or not to exercise its equitable powers for an abuse of discretion. *Estate of Albrecht*, 2018 ND 67, ¶ 23, 908 N.W.2d 135. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; it misinterprets or misapplies the law; or its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶30] The amended judgment dated May 2, 2019, provides, "Donna shall provide fourteen (14) days' notice of her intent to remove the bales and they shall be removed from the property . . . within thirty (30) days of entry of Judgment." The district court found Donna Wald did not contact Gerard Wald about removing the bales until August 2019. The court found she did not move for an extension of the time to remove the bales. The court stated, "Donna has taken no affirmative steps to remove the hay bales awarded to her as required by Paragraph 8 of the Judgment and Amended Judgment." The court also stated, "Donna presented insufficient evidence for the Court to determine the value of hay as of August 20, 2019, or the date of hearing and without such, it has no evidence from which it is able to grant a request to redistribute the value of the hay bales awarded to her." The court concluded Gerard Wald complied with the judgment.

[¶31] Donna Wald failed to exercise her rights under the judgment relating to the hay bales. We conclude the district court did not abuse its discretion in denying her motion.

## VI

[¶32] Having considered Donna Wald's remaining arguments, we conclude they are either without merit or not necessary to our decision. The amended judgment and postjudgment order are affirmed.

[¶33] Jerod E. Tufte
     Daniel J. Crothers
     Gerald W. VandeWalle
     Jon J. Jensen, C.J.
     Stacy J. Louser, D.J.

[¶34] The Honorable Stacy J. Louser, District Judge, sitting in place of McEvers, J., disqualified.