# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 29

| | |
|---|---|
| Steven Mark Orwig, | Plaintiff, Appellee, and Cross-Appellant |
| v. | |
| Mary Caroline Orwig, | Defendant, Appellant, and Cross-Appellee |

### No. 20210140

| | |
|---|---|
| Orwig's Livestock Supplements, Inc., Orwig's Tubs International Inc., and MVP Transport, Inc., | Plaintiffs |
| v. | |
| Mary C. "Marcy" Orwig, | Defendant, Third-Party Plaintiff, Appellant, and Cross-Appellee |
| v. | |
| Steven Orwig, | Third-Party Defendant, Appellee, and Cross-Appellant |

### No. 20210141

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Gregory W. Liebl (argued) and Andrew V. Younker (on brief), Fargo, ND, for plaintiff, appellee, and cross-appellant, and third-party defendant, appellee, and cross-appellant.

Jonathan T. Garaas, Fargo, ND, for defendant, appellant, and cross-appellee, and defendant, third-party plaintiff, appellant, and cross-appellee.

**Jensen, Chief Justice.**

[¶1]   Mary Orwig appeals from a district court order, finding her in contempt and imposing remedial sanctions. She challenges whether the parties' divorce judgment is an order from which non-compliance can result in a finding of contempt, the evidence supporting a finding of contempt, and the sanction as an improper punitive sanction. Steven Orwig has cross-appealed from the court's Order Following Remand awarding Mary Orwig her attorney's fees in the divorce. We affirm.

I

[¶2]   This Court has issued two previous opinions in these consolidated cases. In *Orwig v. Orwig*, 2019 ND 78, ¶ 1, 924 N.W.2d 421 ("*Orwig I*"), we reversed and remanded a contempt order and affirmed an order denying a motion to vacate. In *Orwig v. Orwig*, 2021 ND 33, ¶¶ 1, 45, 50, 955 N.W.2d 34 ("*Orwig II*"), we affirmed the divorce judgment distributing the parties' property and awarding spousal support but reversed and remanded an attorney's fees award to Mary Orwig.

[¶3]   In *Orwig II*, 2021 ND 33, ¶ 45, we concluded the district court had abused its discretion by awarding attorney's fees without proper documentation supporting the fees. We reversed and remanded, stating the court could allow Mary Orwig to submit supporting documentation from which the court could decide "the reasonableness or legitimacy of the requested fees." *Id*. On remand, the district court awarded Mary Orwig attorney's fees of $105,000.

[¶4]   Before our decision in *Orwig II*, Steven Orwig had also moved the district court for a contempt order seeking to effectuate the exchange of the parties' property that the court had awarded under the divorce judgment. He asserted Mary Orwig had not complied with the February 2020 divorce judgment's property distribution provisions and provided evidence that she would not do so without court intervention. Before responding to this motion, Mary Orwig

appealed from the divorce judgment. She thereafter filed a special appearance and response to the motion for contempt.

[¶5]   After our decision in *Orwig II*, the district court held a hearing on Steven Orwig's pending motion for contempt. The court subsequently found Mary Orwig in contempt and ordered a remedial sanction requiring the return of the specified property.

## II

[¶6]   Mary Orwig identifies twelve separate issues on appeal. Her arguments have two main areas of contention: that contempt of court is "impossible" as there is no order, nor evidence of contempt; and that the district court improperly imposed a punitive sanction and violated her constitutional right to remain silent.

## A

[¶7]   Mary Orwig contends none of the statutory definitions of contempt of court apply and Steven Orwig's motion failed to state a claim upon which relief could be granted. She asserts the February 2020 divorce judgment did not include any language or "orders compelling any future act by [Mary] with respect to distribution of the personal property," and there was no post-judgment "order" of the court, requiring her to do anything, which could be violated. Mary Orwig also asserts the lower court was without jurisdiction to amend the judgment. She argues the contempt proceeding was not properly initiated because it must be initiated as a separate action, she was required to be personally served under N.D.R.Civ.P. 4, and she had no personal knowledge of an underlying order requiring her compliance.

[¶8]   Section 14-05-25.1, N.D.C.C., states that "[f]ailure to comply with the provisions of a separation or divorce decree relating to distribution of the property of the parties constitutes contempt of court." This section "provides continuing jurisdiction for contempt proceedings to enforce divorce judgments." *Blomdahl v. Blomdahl*, 2011 ND 78, ¶ 6, 796 N.W.2d 649; *see also Giese v. Giese*, 2004 ND 58, ¶¶ 6-7, 676 N.W.2d 794. In *Blomdahl*, at ¶¶ 7-8, this Court

2

explained that contempt proceedings constitute special statutory proceedings rather than actions:

> North Dakota law distinguishes between "actions" and "special proceedings." Section 32-01-01, N.D.C.C., states that "[r]emedies in the courts of justice are divided into: 1. Actions. 2. Special proceedings." Section 32-01-02, N.D.C.C., defines an action as "an *ordinary proceeding* in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Emphasis added.) Section 32-01-04, N.D.C.C., provides that "[a] special proceeding is *any remedy other than an action*." (Emphasis added.) *See* N.D.R.Civ.P. 81 and "Table A" (designating contempt proceedings under N.D.C.C. ch. 27-10, as "special statutory proceedings," excepted from the rules "insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules").
>
> Section 27-10-01.1(1)(g), N.D.C.C., says contempt is any other act specified by law as a ground for contempt. When N.D.C.C. §§ 14-05-25.1 and 27-10-01.1(1) and N.D.C.C. ch. 32-01 are construed together, a contempt proceeding brought under N.D.C.C. § 14-05-25.1 is a special statutory proceeding rather than a separate "action" upon a judgment for purposes of N.D.C.C. § 28-01-15(1). *Cf. City of Fargo v. Annexation Review Comm'n*, 148 N.W.2d 338, 346 (N.D. 1966) (writs of certiorari and mandamus proceedings are "special proceedings," not included in the term "actions" for review purposes).

"[F]or a contempt finding under N.D.C.C. § 14-05-25.1, as further contemplated in N.D.C.C. ch. 27-10, a violation of a valid and existing court order, judgment or decree must exist." *Blomdahl*, at ¶ 9.

[¶9] Mary Orwig's argument that she should have been served under N.D.R.Civ.P. 4 to commence an "action" is unavailing. Under N.D.R.Civ.P. 81 and Table A, contempt proceedings are properly categorized as special statutory proceedings. *See Blomdahl*, 2011 ND 78, ¶ 6. Section 27-10-01.3(1)(a), N.D.C.C., states that "a person aggrieved by contempt of court may seek imposition of a remedial sanction for the contempt *by filing a motion for that purpose in the proceeding to which the contempt is related*." (Emphasis

3

added.) As such, N.D.R.Ct. 3.2 and N.D.R.Civ.P. 5 provide the appropriate motion practice procedure, in addition to sufficient notice and opportunity to be heard on the contempt motion. Under N.D.C.C. § 14-05-25.1, a party's "[f]ailure to comply with the provisions of a separation or divorce decree relating to distribution of the property of the parties constitutes contempt of court." Moreover, Mary Orwig's arguments that further district court orders were necessary to compel her to act after entry of the divorce judgment or that Steven Orwig should have pursued an agister's lien are without merit.

[¶10] The district court had continuing jurisdiction to enforce its judgment, and Mary Orwig was properly served under N.D.R.Ct. 3.2 and N.D.R.Civ.P. 5. We conclude no further order was required.

B

[¶11] Mary Orwig argues that the pleadings failed to clearly and satisfactorily show the alleged contempt had been committed. She contends Steven Orwig alleged the wrong level of mens rea—*i.e.*, willful instead of intentional and failed to present any evidence of Mary's disobedience, resistance, or obstruction while she remained silent.

[¶12] "A party seeking a contempt sanction under N.D.C.C. ch. 27-10 must clearly and satisfactorily prove the alleged contempt was committed." *Prchal v. Prchal,* 2011 ND 62, ¶ 5, 795 N.W.2d 693.

> Under N.D.C.C. § 27-10-01.1(1)(c), "[c]ontempt of court" includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer." To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order. An inability to comply with an order is a defense to contempt proceedings, but the alleged contemnor has the burden to prove the defense.

*Prchal*, at ¶ 5 (cleaned up); *see also* N.D.C.C. § 27-10-01.1(4) ("'Remedial sanction' includes a sanction that is conditioned upon performance or nonperformance of an act required by court order."). Whether a contempt has been committed lies within the district court's sound discretion, which will not

be overturned on appeal absent an abuse of discretion. *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *Id.*

[¶13] The district court held the hearing on the contempt motion, received exhibits and testimony from Steven Orwig, and made findings at the hearing. In its contempt order, the court found that Mary Orwig had notice of the contempt motion and that her failure to even engage in discussions on how to transfer the property awarded to each party in the judgment showed her clear intention to disobey the court's disposition regarding the ownership and possession of the property. The court found that she failed to appear at the hearing to testify and no defense was given as to why she had not exchanged the property. The court found that without a defense her failure to exchange the property established a clear intention to disobey the court's division of property.

[¶14] We conclude the district court did not abuse its discretion after finding Mary Orwig willfully and intentionally disobeyed the judgment when she refused to even discuss an exchange of the property items awarded under the divorce judgment. Mary Orwig's challenges to the district court finding of contempt were potentially defenses she had the burden establish. *Grengs v. Grengs*, 2020 ND 242, ¶ 24, 951 N.W.2d 260 ("An inability to comply with an order is a defense to contempt proceedings based on a violation of that order, but the alleged contemnor has the burden to establish the defense and show an inability to comply."). Whether the judgment lacked specific directions on how to exchange the property is a defense. Whether the property awarded in the judgment still existed is a defense; the divorce judgment allocates the property, which is sufficient to support a finding the property exists.

[¶15] Once Steven Orwig met his burden to prove the alleged contempt was committed, the burden shifted to Mary Orwig to prove a defense. Despite receiving proper notice, she chose not to be personally present or to provide testimony to rebut the evidence at the April 2021 contempt hearing. Steven Orwig provided sufficient evidence to support a finding of contempt. The

5

district court did not abuse its discretion in determining Mary Orwig committed a contempt of court.

C

[¶16] Mary Orwig argues the district court improperly imposed a punitive sanction. Under N.D.C.C. § 27-10-01.4(1), the district court may impose one or more of the following remedial sanctions for contempt:

> b. Imprisonment if the contempt of court is of a type included in subdivision b, c, d, e, or f of subsection 1 of section 27-10-01.1. The imprisonment may extend for as long as the contemnor continues the contempt or six months, whichever is shorter;
>      . . . .
> e. A sanction other than the sanctions specified in subdivisions a through d if the court expressly finds that those sanctions would be ineffectual to terminate a continuing contempt.

*See also Nygaard v. Taylor*, 2017 ND 206, ¶ 17, 900 N.W.2d 833 ("Courts have the inherent power to confine a contemnor indefinitely until he complies with an affirmative command that he has the ability to perform, because the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." (cleaned up)).

[¶17] The district court's order finding Mary Orwig in contempt ordered a remedial sanction, stating in relevant part:

> 1. [Mary] shall return the following items to Steve within 60 days: 2014 Dodge Ram 2500 ($24,000), a 2009 Dodge Challenger SRT-8 ($35,000), a[n] Arena Tiller Rake Drag ($200), and Water Wagon Trailer ($200).
> 2. [Mary] shall pick up her horses from Steve within 60 days.
> 3. If [Mary] fails to do either 1 or 2 above, she shall serve 60 days in jail. [Mary] can purge her contempt, and thereby be released from jail, by abiding by 1 and 2 above. . . .

[¶18] Mary Orwig contends that the district court's sanction is "punitive," rather than "remedial," as defined under N.D.C.C. § 27-10-01.1(3) (providing

"'[p]unitive sanction' includes a sanction of imprisonment if the sentence is for a definite period of time"), and that the court did not follow procedures for the imposition of a punitive sanction. *See* N.D.C.C. § 27-10-01.3(1)(b) and (2). In addressing the contempt order's "purge" provision 3, she asserts there are "illusory jail keys." She argues that because both provisions 1 and 2 must be done "within 60 days," once the 60-day period has passed, she would never be able to "abid[e] 1 and 2 above," so as to be released from jail. If there is no ability to "purge" her contempt, the 60-day jail sentence would be a punitive sanction under N.D.C.C. § 27-10-01.1(3).

[¶19] The district court's sanction is a "remedial sanction," and provision 3 contemplates that the 60-day period had passed without Mary Orwig taking the required steps in provisions 1 and 2. The phrase "abiding by 1 and 2 above" refers only to returning the specific personal property listed and picking up the horses. On its face, the contempt order is not impossible. It was her burden to establish a defense, and she elected not to offer evidence that compliance was impossible.

[¶20] On our review, the order is properly construed to be a "remedial sanction" within the range of sanctions allowed by statute. The district court's order permits Mary Orwig to "purge" the 60-day jail sentence by complying with the property distribution of the divorce judgment, as ordered in provisions 1 and 2 of the contempt order. Mary Orwig further contends her constitutional right to remain silent was violated. However, she failed to provide this Court with any persuasive authority suggesting a litigant's constitutional right to remain silent is violated by requiring a litigant to carry the burden of establishing a defense once the moving party has met their burden of establishing a basis for the finding of contempt and the court imposes a remedial sanction.

III

[¶21] In his cross-appeal, Steven Orwig argues the district court should have awarded him his attorney's fees as a sanction for Mary Orwig's contempt.

[¶22] Under N.D.C.C. § 27-10-01.4(1)(a), the district court may impose "[p]ayment of a sum of money sufficient to compensate a party or complainant,

7

other than the court, for a loss or injury suffered as a result of the contempt, including an amount to reimburse the party for costs and expenses incurred as a result of the contempt." "The court, in its discretion, may award attorney fees as part of the compensation to the complainant in contempt proceedings as reimbursement for costs and expenses incurred as a result of the contempt." *Giese*, 2004 ND 58, ¶ 12.

[¶23] Steven Orwig has not appealed from the district court's Order for Contempt, but has only appealed the court's Order Following Remand. As such, he has not preserved this issue for appeal. Even if we were to liberally construe his notice of cross-appeal to include the contempt order, the issue of attorney's fees is committed to the court's sound discretion, and we conclude the district court did not abuse its discretion. We therefore deny his request for attorney's fees as an additional sanction.

## IV

[¶24] Steven Orwig argues he should receive his attorney's fees on appeal, citing N.D.C.C. § 28-26-01 and N.D.R.App.P. 38. He asserts Mary Orwig's claims for relief are frivolous and no reasonable person could believe her arguments would be successful. We agree.

[¶25] Several of Mary Orwig's arguments are flagrantly groundless, devoid of merit and demonstrate persistence in the course of litigation evidencing bad faith. Mary Orwig has asserted on appeal that there was no requirement to return or pick up the property specified under the divorce judgment, that service on her attorney of record was insufficient, that she should not have been held in contempt of court because she did not speak, and that her First and Fifth Amendment rights were violated within the context of a motion for remedial sanctions. We order Mary Orwig pay attorney's fees on appeal in the amount of $1,000 under N.D.R.App.P. 38. *See Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 18, 856 N.W.2d 775 (holding appeal asserted numerous frivolous arguments and ordering attorney's fees and costs); *In re Hirsch*, 2014 ND 135, ¶ 15, 848 N.W.2d 719 (same).

## V

[¶26] We have considered the parties' remaining issues and arguments and have determined they are either unnecessary to our decision or are without merit. The district court orders are affirmed.

[¶27] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Carol Ronning Kapsner, S.J.

[¶28] The Honorable Carol Ronning Kapsner, S.J., sitting in place of Crothers, J., disqualified.