# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 113

| | |
|---|---|
| Steven Mark Orwig, | Plaintiff, Appellee, and Cross-Appellant |
| v. | |
| Mary Caroline Orwig, | Defendant, Appellant, and Cross-Appellee |

## No. 20220247

| | |
|---|---|
| Orwig's Livestock Supplements, Inc., | |
| Orwig's Tubs International Inc., and | |
| MVP Transport, Inc., | Plaintiffs |
| v. | |
| Mary C. "Marcy" Orwig, | Defendant, Third-Party Plaintiff, Appellant, and Cross-Appellee |
| v. | |
| Steven Orwig, | Third-Party Defendant, Appellee, and Cross-Appellant |

## No. 20220248

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Gregory W. Liebl, Fargo, ND, for plaintiff, appellee, and cross-appellant, and third-party defendant, appellee, and cross-appellant.

Jonathan T. Garaas, Fargo, ND, for defendant, appellant, and cross-appellee, and defendant, third-party plaintiff, appellant, and cross-appellee.

**Bahr, Justice.**

[¶1]   Mary Orwig appeals after the district court entered a corrected summary real estate disposition judgment, an order on plaintiff's attorney's fees, an order denying her motion for contempt, and an order granting Steven Orwig's motion on redistribution of property. Steven Orwig cross-appeals from the order on redistribution of property and an order denying his motion to reconsider. We affirm the corrected summary real estate disposition judgment, order on plaintiff's attorney's fees, and order denying the motion for contempt. We also affirm the order on redistribution of property and the order denying the motion to reconsider.

I

[¶2]   Relevant facts and extensive procedural background are set forth in our decisions resolving prior appeals of this case in *Orwig v. Orwig*, 2019 ND 78, ¶ 1, 924 N.W.2d 421 ("*Orwig I*") (reversing contempt order and affirming order denying a motion to vacate); *Orwig v. Orwig*, 2021 ND 33, ¶ 1, 955 N.W.2d 34 ("*Orwig II*") (affirming the divorce judgment distributing the parties' property and awarding spousal support, and reversing an attorney's fees award); and *Orwig v. Orwig*, 2022 ND 29, ¶ 1, 970 N.W.2d 179 ("*Orwig III*") (affirming contempt order and remanded attorney's fees award), and we will not repeat them here except as necessary to resolve the issues raised in the present appeal and cross-appeal.

[¶3]   After our decision in *Orwig III*, additional contentious proceedings continued in the district court. Steven Orwig filed a proposed summary real estate disposition judgment, to which Mary Orwig objected. Mary Orwig moved for entry of a money judgment on the $105,000 of attorney's fees she was awarded under the February 26, 2020 divorce judgment (as provided in the district court's May 6, 2021 order following remand entered after *Orwig II* and affirmed in *Orwig III*). Mary Orwig, alternatively, requested an order of contempt asserting Steven Orwig failed to comply with the divorce judgment.

Steven Orwig moved to redistribute property under N.D.C.C. § 14-05-24(3) and also requested attorney's fees.

[¶4]   The district court held a July 19, 2022 hearing. After the hearing, the court entered a summary real estate disposition judgment on July 19, 2022, and a corrected summary real estate disposition judgment on July 21, 2022. The court held another hearing on July 29, 2022, to address all remaining motions.

[¶5]   On July 29, 2022, the district court entered an order allowing Steven Orwig to sell horses Mary Orwig had refused to retrieve under the divorce judgment. The court also entered a separate order awarding Steven Orwig attorney's fees of $522 for having to respond to Mary Orwig's "unfounded opposition" to the summary real estate disposition judgment. On August 19, 2022, the district court entered an order denying Mary Orwig's motion for contempt and also entered an order on redistribution of property.

[¶6]   In its August 19, 2022 order on redistribution of property, the district court partially granted Steven Orwig's motion under N.D.C.C. § 14-05-24(3). The court ordered the $24,000 value of the 2014 Dodge Ram previously awarded to Steven Orwig in the divorce judgment be subtracted, or offset, from the $105,000 in attorney's fees he owed to Mary Orwig under the judgment. The court, however, denied his request to offset from the attorney's fees award the $35,000 value of the 2009 Dodge Challenger also awarded to him. The court also subtracted the attorney's fees awarded to Steven Orwig for Mary Orwig's frivolous arguments in the *Orwig III* appeal ($1,000) and frivolous objection to the summary real estate disposition judgment ($522) from the attorney's fees award. Allowing for the offsets in redistributing the property, the court ordered Steven Orwig to pay Mary Orwig $79,478 for the attorney's fees awarded under the divorce judgment, plus post-judgment interest at a rate of 8 percent for 2020 and at the rate of 6.5 percent for 2021 and 2022, for a total award of $93,180.

[¶7]   Steven Orwig moved the district court to reconsider its order on redistribution regarding the Dodge Challenger. On September 8, 2022, the

2

court denied his motion, again refusing any additional offset for the value of the Dodge Challenger.

## II

[¶8] Mary Orwig raises twelve separate issues on appeal. As relevant to our disposition, she argues the district court did not have jurisdiction to redistribute the property or to modify the final judgment. She claims the court did not have jurisdiction because the statutory requirements of N.D.C.C. § 14-05-24.2 were not met, Steven Orwig did not seek relief under N.D.R.Civ.P. 60(b), and Steven Orwig's prior requests for offset had been denied. She contends his requests to modify the divorce judgment were therefore precluded by res judicata, finality of judgment, and the mandate rule.

### A. Summary Real Estate Disposition Judgment

[¶9] Section 14-05-24.2, N.D.C.C., governs entry of a summary real estate disposition judgment. It states, in relevant part:

> 1. If real estate is described in a judgment and decree of divorce, the court may direct either of the parties . . . to prepare and submit to the court, in a form prescribed by the court, a proposed summary real estate disposition judgment. Upon approval by the court and filing of the summary real estate disposition judgment with the clerk of court, the clerk of court shall provide to any party upon request certified copies of the summary real estate disposition judgment.

[¶10] Mary Orwig argues the district court did not have jurisdiction to issue the summary real estate disposition judgment because the statutory requirements of N.D.C.C. § 14-05-24.2 were not met. She first argues the court lacked jurisdiction because it did not "direct" either party to prepare and submit to the court a proposed summary real estate disposition judgment.

[¶11] Section 14-05-24.2(1), N.D.C.C., provides the district court "may" direct a party prepare and submit to the court a proposed summary real estate disposition judgment. Nothing in the language of N.D.C.C. § 14-05-24.2(1) prohibits a party from submitting a proposed summary real estate disposition

3

judgment for the court's consideration absent direction from the court to do so. *See Int. of Guardianship of G.V.*, 2023 ND 19, ¶ 8, 985 N.W.2d 655 ("When used in a statute, the word 'may' is ordinarily understood as permissive rather than mandatory and operates to confer discretion."). We conclude the court directing a party prepare and submit to the court a proposed summary real estate disposition judgment is not a jurisdictional prerequisite to the court entering a summary real estate disposition judgment.

[¶12] Mary Orwig further argues the statutory requirements of N.D.C.C. § 14-05-24.2 were not met because the real property was not properly described in the underlying divorce judgment. The statute requires the summary real estate disposition judgment to contain "[t]he legal description of each parcel of real estate[.]" N.D.C.C. § 14-05-24.2(2)(k). The statute further allows the district court to issue an order authorizing the clerk of court to issue an amended summary real estate disposition judgment to correct an erroneous legal description of real estate contained in the divorce judgment. N.D.C.C. § 14-05-24.2(3)(a).

[¶13] Here, the corrected summary real estate disposition judgment included the following legal description:

> The real property is located at 9725 94th St. S.E., Ellendale, North Dakota 58436 and legally described as:
> Northeast Quarter (NE1/4) of Section Ten (10), Township One Hundred Twenty-Nine (129), Range Sixty-Two (62)

[¶14] Under N.D.C.C. § 14-05-24.2(6), the summary real estate disposition judgment controls if there is a conflict between it and the divorce judgment. While the divorce judgment did not explicitly include a legal description of the distributed real property, it stated the distribution was included in the attached amended exhibit A, and the property was described as "Farmland" and "Residential Site/Pasture" in exhibit A. Mary Orwig does not contend the legal description is incorrect or for the wrong property; rather, she persists in her claim the manufacturing site was not distributed.

4

[¶15] Mary Orwig previously argued in *Orwig II* the manufacturing site was not included in the property distribution. This Court, however, specifically rejected that argument, determining the manufacturing facility and the land upon which it sits were distributed to Steven Orwig. *Orwig II*, 2021 ND 33, ¶¶ 23-26. This Court affirmed the property distribution. *Id.* at ¶ 33. That the manufacturing site was included in the property distribution is the law of the case. *See Twin City Tech. LLC v. Williams Cnty.*, 2022 ND 63, ¶ 6, 971 N.W.2d 822 (stating under the law of the case doctrine, a party cannot on a second appeal relitigate issues which were resolved in a prior appeal); *Frisk v. Frisk*, 2006 ND 165, ¶ 14, 719 N.W.2d 332 ("The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings.").

[¶16] We conclude the district court had jurisdiction to enter the summary real estate disposition judgment. We affirm the corrected summary real estate disposition judgment and the related order awarding Steven Orwig's attorney's fees.

## B. Redistribution of Property

[¶17] Steven Orwig moved to redistribute property and debts under N.D.C.C. § 14-05-24(3). He requested the district court to liquidate assets he received in the divorce which Mary Orwig has refused to give to him. The court partially granted Steven Orwig's motion, determining it has broad equitable powers under N.D.C.C. § 14-05-24(3).

[¶18] Section 14-05-24, N.D.C.C., governs property and debt division in divorce cases and specifically allows for post-judgment redistribution. This statute provides, in part:

> The court may redistribute property and debts in a postjudgment proceeding if a party has failed to disclose property and debts as required by rules adopted by the supreme court or the party fails to comply with the terms of a court order distributing property and debts.

N.D.C.C. § 14-05-24(3).

[¶19] We have explained the district court has broad equitable powers under N.D.C.C. § 14-05-24(3) to grant relief from a divorce judgment. *See Wald v. Wald*, 2020 ND 174, ¶ 29, 947 N.W.2d 359. While the court generally does not retain jurisdiction to modify a final property distribution, the court has jurisdiction under N.D.C.C. § 14-05-24(3) to redistribute property in a post-judgment proceeding when a party fails to comply with the terms of the order distributing property. *Jacobs-Raak v. Raak*, 2020 ND 107, ¶ 10, 942 N.W.2d 879. We review the court's decision whether to exercise its equitable powers for an abuse of discretion. *Wald*, at ¶ 29; *Estate of Albrecht*, 2018 ND 67, ¶ 23, 908 N.W.2d 135. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; it misinterprets or misapplies the law; or its decision is not the product of a rational mental process leading to a reasoned determination. *Wald*, at ¶ 29; *Estate of Albrecht*, at ¶ 23.

[¶20] Mary Orwig argues the district court lacked jurisdiction to redistribute the property because Steven Orwig did not seek relief under N.D.R.Civ.P. 60(b). However, Steven Orwig moved for relief under N.D.C.C. § 14-05-24(3), not under Rule 60(b). Section 14-05-24(3) and Rule 60(b) provide different remedies. *Walstad v. Walstad*, 2012 ND 204, ¶ 13, 821 N.W.2d 770. For that reason, Mary Orwig's arguments about Rule 60(b) are without merit. The court had jurisdiction under N.D.C.C. § 14-05-24(3) to consider whether to redistribute property.

[¶21] Mary Orwig also argues the district court could not offset the amount awarded for attorney's fees with other property because the court had previously denied a request from Steven Orwig for offset in previous contempt proceedings and the doctrines of res judicata, finality of judgment, and the mandate rule preclude his attempt to modify the judgment.

[¶22] In April 2020, Steven Orwig moved for contempt and requested the district court deduct from the attorney's fees the value of certain property that Mary Orwig refused to deliver to Steven Orwig, including the 2014 Dodge Ram and 2009 Dodge Challenger. The court held a contempt hearing. The court found Mary Orwig did not provide any defense about why she had not or could not give the assets to Steven Orwig. In its May 6, 2021 order for contempt, the

6

district court ordered Mary Orwig to return the Ram, the Challenger, and other property within 60 days; if she refused to comply with the order, she would serve 60 days in jail; and if she did not comply, another hearing would be scheduled for October 2021 to address the issue and more serious sanctions could be ordered. This Court affirmed the contempt order in *Orwig III*, 2022 ND 29, ¶¶ 1, 26.

[¶23] The district court's order for contempt did not preclude an offset from being ordered at a later date. Steven Orwig's subsequent motion for redistribution of property invoked the court's discretion under N.D.C.C. § 14-05-24(3) to redistribute property and debt on the ground Mary Orwig failed "to comply with the terms of a court order distributing property and debts." The court was not precluded from granting equitable relief under N.D.C.C. § 14-05-24(3) because of its prior order on Steven Orwig's motion for contempt. Mary Orwig's arguments to the contrary are without merit.

III

[¶24] Mary Orwig argues she was entitled to a money judgment for the attorney's fees she was awarded. She argues, alternatively, the district court erred by denying her contempt motion because evidence established Steven Orwig has not paid the previously ordered attorney's fees.

[¶25] A party seeking a contempt sanction has the burden to clearly and satisfactorily prove the alleged contempt was committed. *Orwig III*, 2022 ND 29, ¶ 12. Whether contempt has been committed lies within the district court's discretion, and the court's decision will not be overturned on appeal absent an abuse of discretion. *Id.*

[¶26] After the hearing, the district court did not order that a money judgment be entered on the attorney's fees Mary Orwig was awarded under the divorce judgment. *See In re Emelia Hirsch Trust*, 2022 ND 89, ¶ 13, 973 N.W.2d 427 (holding motions not ruled on are deemed denied by operation of law). Rather, the court denied her alternate motion for contempt, finding she failed to prove Steven Orwig intentionally or willfully disobeyed the judgment. The court explained the attorney's fees award was part of the property and debt

7

distribution and the money was owed to Mary Orwig, not to her attorneys. The court found Mary Orwig did not testify at the contempt hearing but rather her attorney testified, and her attorney's testimony did not show Mary Orwig had not received the money.

[¶27] At the hearing, Mary Orwig's attorney called himself as a witness. Her attorney testified he made five written requests to Steven Orwig to pay the indebtedness to his law firm but Steven Orwig never responded, he was asking the court for a judgment and an execution be issued, and Steven Orwig had not paid any part of the court-ordered attorney's fees. Mary Orwig did not testify. Steven Orwig conceded during cross-examination he had not paid Mary Orwig any of the $105,000 of the attorney's fees awarded under the judgment. Steven Orwig's concession he had not paid the attorney's fees awarded under the judgment is not a concession he intentionally or willfully disobeyed the judgment. The record supports the district court's conclusion Mary Orwig failed to prove Steven Orwig "intentionally or willfully disobeyed the judgment," a requirement for the court to find Steven Orwig in contempt. We conclude the court did not abuse its discretion in denying Mary Orwig's alternative motions.

[¶28] In its August 19, 2022 order on redistribution, the district court did not enter a money judgment but rather ordered the value of the Dodge Ram offset the attorney's fees, ordered an offset for attorney's fees awarded to Steven Orwig, calculated interest on Mary Orwig's award of attorney's fees, and ordered Steven Orwig pay $93,180. While the district court could have ordered an amended divorce judgment also be entered for the new amount, we conclude the court did not abuse its discretion by issuing the order on redistribution. *Wald*, 2020 ND 174, ¶ 29.

IV

[¶29] Mary Orwig argues she is entitled to post-judgment interest on the attorney's fees award at a rate of 8 percent and the interest must be calculated before any offset would apply.

8

[¶30] As discussed, in its August 19, 2022 order on redistribution, the district court offset the value of the Dodge Ram with the attorney's fees it had ordered Steven Orwig to pay Mary Orwig and then calculated interest on the remaining amount. The court ordered interest at a rate of 8 percent for 2020 and 6.5 percent for 2021 and 2022.

[¶31] Section 28-20-34, N.D.C.C., allows interest on judgments and states that "the state court administrator shall determine the rate . . . . As established, the rate shall be in effect beginning the first day of the following January through the last day of December in each year." The statute further states, "Except as otherwise provided in this section, interest on all judgments entered in the courts of this state before January 1, 2006, must remain at the rate per annum which was legally prescribed at the time the judgments were entered[.]"

[¶32] The plain language of the statute does not specifically require the interest rate to remain at the rate established when the judgment was entered, unless the judgment was entered before 2006. This Court has recognized the state may legislate to reduce the rate of interest on judgments previously obtained in court. *See Swanson v. Flynn,* 31 N.W.2d 320, 323 (N.D. 1948).

[¶33] In *Dick v. Dick*, 434 N.W.2d 557, 559 (N.D. 1989), this Court stated, "[A] trial court has broad authority in a divorce action to provide for the payment of interest in order to achieve an equitable distribution of the property." This Court further explained the court is not limited to awarding interest at the legal rate specified by statute but may award interest at any appropriate rate, commencing on any appropriate day, or may deny interest. *Id*. If the judgment does not reference interest on a monetary award, the award draws interest at the statutory rate for judgments under N.D.C.C. § 28-20-34. *Id*. The district court has discretion in deciding what interest rate to apply to a monetary award in a divorce action. *See Schultz v. Schultz*, 2018 ND 259, ¶¶ 29-30, 920 N.W.2d 483.

[¶34] On our review, Mary Orwig is not entitled to an interest rate of 8 percent on the attorney's fees award for the entire period subsequent to the entry of the divorce judgment. Although she contends the interest had to be applied

9

before the offset was ordered, the district court ordered a redistribution of property and had broad discretion in awarding interest. We conclude the district court did not abuse its discretion in its award of post-judgment interest.

V

[¶35] In his cross-appeal, Steven Orwig argues the district court erred by failing to subtract the Dodge Challenger's value from the attorney's fees that he owes to Mary Orwig.

[¶36] In its August 19, 2022 order, the district court partially granted Steven Orwig's motion to redistribute property, determining it has broad equitable powers under N.D.C.C. § 14-05-24(3). The court found Mary Orwig had possession of the Dodge Ram at the time of the judgment, she crashed it after the judgment was entered, and she did not return the vehicle as ordered in the judgment and contempt order. The court ordered the $24,000 value of the vehicle be subtracted, or offset, from the $105,000 in attorney's fees Steven Orwig owes Mary Orwig.

[¶37] The district court further found, however, Steven Orwig did not prove Mary Orwig had possession of the Dodge Challenger at the time the judgment was entered and held the court would not subtract, or offset, the $35,000 value of the vehicle from the attorney's fees award. The court held contempt may still be a remedy "because nothing in the record demonstrates it is impossible for Mary to return that vehicle[.]"

[¶38] In its September 8, 2022 order, the district court again denied Steven Orwig's request to redistribute the Dodge Challenger. The court explained that Steven Orwig did not call Mary Orwig to testify and he did not prove she had possession of the Challenger at the time judgment was entered or that she contemptuously transferred ownership to defeat his interest. The court stated that "[n]othing in the record demonstrates Mary to be in egregious noncompliance concerning the 2009 Dodge Challenger[.]" The court also found the vehicle's value did not result in a significant shift in equity because Steven Orwig was awarded all the business equipment and assets and he had not paid Mary Orwig the attorney's fees she was awarded.

10

[¶39] We review the district court's decision whether to exercise its broad equitable powers to redistribute property under N.D.C.C. § 14-05-24(3) for an abuse of discretion. *Wald*, 2020 ND 174, ¶ 29. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; it misinterprets or misapplies the law; or its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* This Court has also said the equitable remedy of offset, also referred to as setoff, is exercised "to promote substantial justice" resting largely in the district court's sound discretion which will not be reversed absent an abuse of discretion based on arbitrary, unreasonable, or unconscionable acts. *See Jordet v. Jordet*, 2012 ND 231, ¶ 8, 823 N.W.2d 512 (quoting *Marmarth Sch. Dist. No. 12 v. Hall*, 260 N.W. 411, 414 (N.D. 1935)).

[¶40] Here, the district court explained the basis for its decision not to redistribute the property to provide an offset of the attorney's fees award for the $35,000 value of the Dodge Challenger. In its order on redistribution, the district court found Steven Orwig's testimony at the hearing failed to prove Mary Orwig had possession of the Dodge Challenger *at the time of the judgment*. This finding appears inconsistent with the divorce judgment and the court's prior order holding Mary Orwig in contempt in this case.

[¶41] In the February 26, 2020 divorce judgment, the district court specifically awarded Steven Orwig the Dodge Challenger valued at $35,000, as listed in the amended exhibit A to the judgment. We affirmed the judgment's property award in *Orwig II*, 2021 ND 33. In the court's May 6, 2021 order for contempt, the court ordered Mary Orwig to return the Dodge Challenger, valued at $35,000, to Steven Orwig within 60 days. The order requiring Mary Orwig return the Dodge Challenger to Steven Orwig indicates the court concluded the vehicle was in Mary Orwig's possession. We also affirmed this contempt order in *Orwig III*, 2022 ND 29. The court's present finding is arguably not supported by the record or its prior finding.

[¶42] However, the district court's finding Steven Orwig failed to prove Mary Orwig had possession of the Dodge Challenger at the time of the judgment was only one reason for the court not exercising its discretion to redistribute the

value of the Dodge Challenger. The court also did not exercise its equitable power to redistribute the Challenger concluding doing so would not result in a "significant shift in equity":

> The original trial was held well before judgment was entered. The judgment was appealed. Nothing in the record demonstrates Mary to be in egregious noncompliance concerning the 2009 Dodge Challenger, nor does the value of this vehicle result in a significant shift in equity. Additionally, Steve received virtually all of the business equipment and assets, and the court ordered him to pay Mary for her attorney's fees. Although Mary has not fully complied with the judgment, neither has Steve—as he has not yet paid Mary for her attorney's fees.

The court explained N.D.C.C. § 14-05-24(3) presents an equitable option for the court and accordingly declined to exercise its equitable power "on the issue of the 2009 Dodge Challenger at this time."

[¶43] The district court's second reason for not exercising its equitable power to redistribute the Dodge Challenger under N.D.C.C. § 14-05-24(3) is not based on its arguably unsupported factual finding Steven Orwig failed to prove Mary Orwig had possession of the Dodge Challenger at the time of the judgment. The court's analysis took into account the original equitable distribution of the marital estate and the overall equity of a property redistribution. Although the court denied relief under N.D.C.C. § 14-05-24(3) "at this time" on the evidence presented at this hearing, the court in both orders leaves open the possibility of future contempt or redistribution proceedings.

[¶44] Based on its second reason for not providing an offset for the value of the Dodge Challenger, we conclude the district court's decision not to provide an offset for the Dodge Challenger's value "at this time" was not arbitrary, unreasonable, or unconscionable; did not misinterpret or misapply the law; and was the product of a rational mental process leading to a reasoned determination. While we may have reached a different conclusion on whether to exercise the equitable power to redistribute this property under N.D.C.C. § 14-05-24(3), on this record we cannot conclude the court abused its discretion in refusing to redistribute the Dodge Challenger.

12

[¶45] We affirm the order on redistribution and the order denying the motion to reconsider.

## VI

[¶46] Steven Orwig requests this Court to award his attorney's fees on appeal, claiming the appeal is frivolous.

[¶47] The Court may award damages and single or double costs, including reasonable attorney's fees, if an appeal is frivolous. N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Buchholz v. Buchholz*, 2022 ND 203, ¶ 43, 982 N.W.2d 275 (quoting *Harty Ins., Inc. v. Holmes*, 2022 ND 45, ¶ 2, 971 N.W.2d 400). Damages and costs may be awarded under N.D.R.App.P. 38 when an argument on appeal is devoid of merit and demonstrates persistence in the course of litigation which evidences bad faith. *See Buchholz*, at ¶ 43 (awarding attorney's fees and costs for "sanctionable" argument despite presenting other weak or poorly supported nonfrivolous arguments); *Lessard v. Johnson*, 2022 ND 32, ¶ 10, 970 N.W.2d 160 (awarding attorney's fees for "nonsensical and frivolous" argument when other nonfrivolous issues were also raised); *Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 18, 856 N.W.2d 775 (awarding attorney's fees and double costs when some but not all of appellant's arguments were "flagrantly groundless, devoid of merit and demonstrate persistence in the course of litigation evidencing bad faith"). *See also Orwig III*, 2022 ND 29, ¶ 25.

[¶48] We conclude Mary Orwig's argument on appeal that the manufacturing site was never distributed, was specifically decided in *Orwig II*, and was flagrantly groundless, devoid of merit and demonstrates persistence in the course of litigation evidencing bad faith. We order Mary Orwig pay damages in the amount of $1,000 plus double costs for this appeal under N.D.R.App.P. 38.

## VII

[¶49] We have considered the parties' remaining arguments and deem them either without merit or unnecessary to our decision. The corrected summary

13

real estate disposition judgment, order on plaintiff's attorney's fees, and order denying a motion for contempt are affirmed. The order on redistribution of property and the order denying a motion to reconsider are also affirmed.

[¶50] Jon J. Jensen, C.J.
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr
        David W. Nelson, S.J.

[¶51] The Honorable David W. Nelson, S.J., sitting in place of Crothers, J., disqualified.