# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 62

Laura Cote,                                  Plaintiff, Appellee and Cross-Appellant

v.

Adam Cote,                              Defendant, Appellant and Cross-Appellee

### No. 20230274

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Rheider W. McCormick, Minot, ND, for plaintiff, appellee and cross-appellant.

Kyle R. Craig, Minot, ND, for defendant, appellant and cross-appellee.

**Jensen, Chief Justice.**

[¶1]   Adam Cote appeals from district court orders denying his motion to modify residential responsibility of the parties' minor children and motion to compel discovery. Laura Cote cross-appeals from an order finding her in contempt of court. We conclude the court did not abuse its discretion in denying Adam Cote's motion to compel discovery or in finding Laura Cote in contempt of court. We further conclude the court failed to make necessary findings regarding the best interest factors for this Court to provide a meaningful review of the district court's denial of a modification of primary residential responsibility. We affirm in part, and reverse and remand with instructions to provide findings on the best interests of the children under N.D.C.C. § 14-09-06.2(1).

I

[¶2]   Adam Cote and Laura Cote were divorced in November 2022. The parties' judgment prohibited exposing the children to felons and any person who is a known sex offender. In August 2022, Laura Cote began dating Steven Alexander, who has a prior conviction of sexual conduct with a minor under eighteen in Arizona. As part of a five-year probationary period, Alexander was to register as a sex offender.

[¶3]   In April 2023, Adam Cote moved for modification of residential responsibility and sought a contempt sanction against Laura Cote for willfully and inexcusably violating the terms of the judgment by allowing a sex offender to be around the children and alleged the interaction endangered the children's physical and emotional health or impaired the children's emotional development. In May 2023, Adam Cote filed a motion to compel discovery seeking communications between Laura Cote and Alexander and seeking Laura Cote's bank statements.

[¶4]   The district court found that Laura Cote was "keenly aware" of Alexander's status as both a convicted sex offender and felon. The court further

found that Laura Cote not only permitted contact between the parties' minor children and Alexander, but also encouraged a relationship between them. This includes evidence Alexander was incarcerated for a number of different criminal matters against former romantic partners, one of which included secretly recording an ex-girlfriend in her residence. The court found credible Adam Cote's claim that Alexander had given the parties' oldest child a cellphone, which was used to distribute nude photographs of the minor female within mere days of the cellphone being provided and that Alexander had access to those photographs. The court further found it alarming that Laura Cote had "virtually no concern" with a convicted sex offender involving minors having access to nude photographs of her own child.

[¶5]   In July 2023, the district court found Laura Cote in contempt of court but denied Adam Cote's motion for primary residential responsibility, finding the modification of residential responsibility would be "an extreme remedy." As a "remedy" the court ordered the following: "that the children have no contact whatsoever with [Mr.] Alexander . . . [and Laura was] admonished by the Court that a failure to comply with the Court's Order could result in significant consequences for her as well as the children." The court also denied Adam Cote's motion to compel discovery.

## II

[¶6]   Adam Cote argues the district court's remedy was clearly erroneous and the court erred in denying his motion to modify residential responsibility of the parties' minor children.

[¶7]   Because Adam Cote moved to modify residential responsibility within the two-year period following the date of the stipulated residential responsibility agreement, the district court may not modify the residential responsibility unless the court finds the modification is necessary to serve the best interests of the children and "[t]he child's present environment may endanger the child's physical or emotional health or impair the child's emotional development[.]" N.D.C.C. § 14-09-06.6(5)(b).

> Under N.D.R.Civ.P. 52(a), a district court trying an action without a jury must "find the facts specially." "[T]he district court is required to make such findings of fact and conclusions of law that are sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law." *Haugrose* [*v. Anderson*], 2009 ND 81, ¶ 7, 765 N.W.2d 677. Consequently, the district court's findings of fact must "be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the trial court's decision." *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219.

*State v. Neustel*, 2010 ND 216, ¶ 13, 790 N.W.2d 476.

[¶8] The party seeking to modify primary residential responsibility bears the burden of proof. N.D.C.C. § 14-09-06.6(8). If the district court determines no material change in circumstances has occurred, the court does not need to consider whether changing primary residential responsibility is necessary to serve the children's best interests. *Lechler v. Lechler,* 2010 ND 158, ¶ 9, 786 N.W.2d 733. However, if a material change of circumstances is found to have occurred, the court cannot change primary residential responsibility unless it further finds that modification is necessary to serve the children's best interests. *Glass v. Glass,* 2011 ND 145, ¶ 16, 800 N.W.2d 691.

[¶9] The district court found Adam Cote established there has been a material change in circumstances. Without consideration of the best interest factors, the court summarily concluded that a modification of primary residential responsibility was too extreme of a remedy and instead of modifying primary residential responsibility, provided a "remedy" that included ordering that Alexander not be allowed to have access to the children and an admonishment to Laura Cote that violation of that order could result in severe consequences. Adam Cote contends this remedy is clearly erroneous.

[¶10] The best interest factors are delineated in N.D.C.C. § 14-09-06.2. A court need not make separate findings for each best interest factor but, as with a custody determination, the court's findings must contain sufficient specificity

to show the factual basis for the decision. *Wolt v. Wolt,* 2010 ND 26, ¶ 9, 778 N.W.2d 786.

[¶11] Here, the district court made a number of findings relevant to residential responsibility, but only provided a summary conclusion that modification of primary residential responsibility would be an "extreme remedy." The court did not provide any findings on the individual best interest factors in its order denying Adam Cote's motion to modify residential responsibility. "When a trial court does not make required findings, it errs as a matter of law, and it is necessary to remand for additional findings." *Sailer v. Sailer,* 2009 ND 73, ¶ 28, 764 N.W.2d 445. With respect to Adam Cote's assertion the court's remedy was clearly erroneous, we conclude the court did not provide sufficient findings to allow proper appellate review of its decision, and we remand with instructions to provide findings regarding the children's best interests.

III

[¶12] Adam Cote argues the district court erred in denying his motion to compel discovery. In its denial of the motion, the court noted that Adam Cote did not seek a continuance and failed to state how the requested material would be relevant or necessary to pursue his claim. Adam Cote argues the bank records are relevant to determining whether, in addition to allowing Alexander access to the children, Laura Cote provided financial support to Alexander.

[¶13] A district court has broad discretion regarding discovery, and its decision will not be reversed on appeal absent an abuse of discretion. *W. Horizons Living Ctr. v. Feland*, 2014 ND 175, ¶ 11, 853 N.W.2d 36. The court's decision denying Adam Cote's motion to compel discovery was not arbitrary, capricious, or unreasonable, was the product of a rational mental process, and was not a misapplication of the law. We, therefore, conclude the court did not abuse its discretion in denying Adam Cote's motion to compel discovery. However, in light of the remand and the need for the court to provide additional findings, the court is not precluded from reconsideration of the need for the requested discovery.

4

[¶14] On appeal, Laura Cote argues the district court erred in finding she willfully violated the judgment by allowing Alexander around the parties' children. Under N.D.C.C. § 27-10-01.1(1)(c), contempt of court includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer[.]" "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Orwig v. Orwig*, 2022 ND 29, ¶ 12, 970 N.W.2d 179 (quoting *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693). "The district court has broad discretion in making contempt decisions. We will only disturb a district court's contempt determination if the court abused its discretion." *Jacobs-Raak v. Raak*, 2020 ND 107, ¶ 21, 942 N.W.2d 879 (cleaned up). "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.* (quoting *Rath v. Rath*, 2017 ND 128, ¶ 9, 895 N.W.2d 306). "This Court's review of a district court's determination on contempt is very limited." *Booen v. Appel*, 2017 ND 189, ¶ 24, 899 N.W.2d 648.

[¶15] Laura Cote argues, as she did in the district court, that because Alexander is not currently required to register as a sex offender, he is not a "known" sex offender. The court found Laura Cote's interpretation of the parties' judgment to be unavailing. The court found that Laura Cote was aware Alexander was convicted of sexual conduct with a minor, which required him to register for five years, and that she encouraged a relationship between him and the children. The court concluded the parties' judgment does not require that "current" sex offender registration is required and found her to be in contempt.

[¶16] Based on these facts and the entire record, we conclude the district court's decision is not arbitrary, capricious, or unreasonable, is the product of a rational mental process leading to a reasoned decision and is not a misapplication of the law. Therefore, we hold the court did not abuse its discretion in finding Laura Cote in contempt.

## V

[¶17] The district court found a material change, found the change may endanger the children, and summarily found a change in residential responsibility was an extreme remedy that should not be imposed without outlining its consideration of the best interest factors. Without the court's analysis of the best interest factors, we are unable to determine if the remedy was clearly erroneous as asserted by Adam Cote. We reverse and remand for findings on the best interest factors and reconsideration of the appropriate remedy in light of the court's findings on those factors. We affirm the court's orders denying Adam Cote's motion to compel discovery and finding Laura Cote in contempt of court.

[¶18] Jon J. Jensen, C.J.
　　Daniel J. Crothers
　　Lisa Fair McEvers
　　Jerod E. Tufte
　　Douglas A. Bahr